## Levi Shipley

### *v.*

## Harrison Carroll *et al.*

1. Promissory notes — *indorsements* — *fraud* — *assignees.* To render a promissory note void in the hands of a *bona fide* assignee, the fraud must relate to the execution of the note itself, and not to the consideration.

2. A false representation as to the amount or other terms of the instrument, or of its nature and character, is what is embraced in the term, fraud and circumvention in procuring the execution of the instrument.

3. Same — *bona fide holder* — *stolen note.* The innocent holder for value of negotiable paper, indorsed before maturity, is protected under the rules of the common law, although the instrument may have been stolen, or otherwise wrongfully put into circulation.

Writ of Error to the Circuit Court of Livingston county; the Hon. Charles H. Wood, Judge, presiding.

The facts are stated in the opinion.

Mr. Charles J. Beattie, for the plaintiff in error.

Messrs. Payson & Perry, for the defendants in error.

Mr. Justice Walker delivered the opinion of the Court:

This was an action of assumpsit brought by Levi Shipley, in the Livingston Circuit Court, against Harrison Carroll and Elizabeth Carroll, on a promissory note signed by Elizabeth H. Carroll, before her marriage with Harrison Carroll, and while she was sole and unmarried. The declaration contains two counts on the note, describing it as having been made while she was sole, and payable to Philip Foley and by him indorsed to plaintiff. Defendants filed seven pleas, upon all of which issue was joined, except the sixth. To that plea a demurrer was filed by plaintiff, which was overruled by the court, and, abiding by his demurrer, the court rendered judgment against the plaintiff, in bar of the action. To reverse that judgment, plaintiff prosecutes this writ of error.

The sixth plea is this:

" And for a further plea in this behalf, defendant, Elizabeth Carroll, says, *actio non*, because, she says, that the sole cause of action for which the suit is brought is the promissory note in the first count of plaintiff's declaration mentioned; and defendant avers, that the said note was written and signed by her simply and solely as a matter of amusement, and in the presence of said Philip Foley, without any design of delivering the same to the said Foley; and defendant avers, that said Foley feloniously did steal, take and carry away the said note, from the possession of the said defendant; and defendant avers, that the said Philip Foley never was the legal holder or owner of said note, and this she is ready to verify," etc.

It is insisted, that this plea is defective in failing to aver that plaintiff in error had any notice of the larceny, or that there is any bad faith on his part, but admits him to be a *bona fide* holder for value by indorsement before maturity; that under the law such a purchaser is protected against any infirmity existing in the note while in the hands of the payee. On the other hand, it is urged, that, under the 11th section of our statute regulating negotiable instruments, the note is void, not

only in the hands of the payee, but also in the hands of any assignee. That section is this:

"If any fraud or circumvention be used in obtaining the making or executing of any of the instruments aforesaid, such fraud or circumvention may be pleaded in bar to any action to be brought on such instrument so obtained, whether such action be brought by the party committing such fraud or circumvention, or any assignee or assignees of such instrument."

This note being of the class of instruments embraced in this section, the question is presented whether the fraud alleged in this plea is of the character contemplated by the statute.

Under this section of our statute it has been repeatedly held, that the fraud must relate to the execution of the instrument itself, and not to the consideration; that a false representation as to the amount or other terms of the instrument, or of its nature and character, was what was intended to be embraced. *Wood* v. *Hays*, 1 Scam. 103; *Mulford* v. *Shepard*, id. 583; *Adams* v. *Woodbridge*, 3 id. 255; *Easter* v. *Minard*, 26 Ill. 494. Does the stealing of a note filled up and signed by a person, and not delivered to any one and not intended to be, fall within the fraud or circumvention in the obtension of the note?

The doctrine is firmly, and, we believe, uniformly settled, that the innocent holder for value of negotiable paper, indorsed before its maturity, is protected under the rules of the common law, although the instrument may have been stolen or otherwise wrongfully put into circulation. To favor commerce, the law makes an exception as to negotiable paper, and permits the *bona fide* indorsee to acquire title even from a person who had none in himself. Independent of our statute, there can be no doubt, that, in this case, plaintiff would, by the assignment of the note before its maturity, have acquired the title, as the demurrer admits that he paid value and had no notice of the defense which existed to the instrument.

In the case of *Jones* v. *Nellis*, 41 Ill. 482, it was held that a treasury note of the United States, which had been

stolen from the true owner and sold to an innocent purchaser, passed the title, although the thief had none. The instrument being negotiable by delivery, a purchaser for value in the usual course of trade must be protected; that he was not bound to inquire as to title in the absence of circumstances calculated to create suspicion. And it will be found that the authorities apply the same rule to paper negotiable by indorsement.

In this case, no false or fraudulent representations were made as to amount, date, or other material part of the note. The maker obviously intended to sign such a note as this was, and she knew its contents when she signed the instrument. The act was voluntary and fully intended. No art or device was employed to induce the act. Neither deceit, misrepresentation nor fraud was employed to induce the maker to sign her name to the instrument. How, then, can we say that the making of the note was obtained by fraud? The possession of the note after it was made and executed is admitted by the demurrer to have been by stealth, which, no doubt, embraced fraud; but that did not relate to its execution, and it is only that class of cases which is embraced in the statute. This case does not materially differ from any other note or bank bill which may be stolen and negotiated after it has been made. And we have seen that innocent purchasers of such instruments are protected, and the same rule must apply where notes are put into circulation, or are made and get into circulation as this did.

The plea, therefore, presented no defense to a recovery in this case, and the demurrer should have been sustained to it, and for the error of the court below in overruling it, the judgment must be reversed and the cause remanded.

*Judgment reversed.*