# THOMAS D. CLARKE

*v.*

# JOHN JOHNSON.

1. ASSIGNEE BEFORE MATURITY—*of obtaining possession of the note improperly, by the payee.* It is no defense to a promissory note, in the hands of an innocent holder, for value, assigned before maturity, that the payee fraudulently obtained possession of the same, or that the instrument was stolen from the maker, or otherwise wrongfully put into circulation.

2. SAME—*fraud and circumvention.* In an action upon a promissory note by an innocent assignee, before maturity, against the maker, a plea was filed averring that the execution of the note was obtained by fraud and circumvention. The evidence showed that the consideration of the note was a machine which the payee agreed to deliver to the maker, but which was never delivered. The defendant testified that, after signing the note, he was about to insert, before giving it to the payee, a condition which would insure the delivery of the machine or render the note void, when the payee snatched it from him and ran away: *Held,* there was not such fraud and circumvention in procuring the execution of the instrument as entitled the defendant to a verdict.

3. ASSIGNMENT *without date—presumption.* Where the assignment of a promissory note is without date, the presumption is, that it was endorsed before maturity.

APPEAL from the Circuit Court of Clay county; the Hon. RICHARD S. CANBY, Judge, presiding.

The opinion states the case.

Mr. GEORGE W. HENRY, for the appellant.

Messrs. BRYAN, ROTAN & BREWER, for the appellee.

Mr. JUSTICE WALKER delivered the opinion of the Court:

This was an action of assumpsit on a promissory note executed by defendant to one Bush, on the twenty-eighth of

October, 1869, for $108, due at one day, with ten per cent per annum interest. On the back of the note was endorsed an assignment, in the usual form, but without date, to plaintiff. A plea, among others, was filed averring that the making of the note was obtained by fraud and circumvention. A trial was had, resulting in a verdict and judgment in favor of defendant, and plaintiff has brought the record to this court, and assigns various errors.

On the trial, appellee testified that he signed the note as it appeared at the trial; that it had not been altered after it was signed. He states that Bush came to his house at the date of the note, and proposed to sell him a plowing machine, and that, being in doubt as to the truth of Bush's representations, and Bush having proposed to go to the railroad station and telegraph to the manufacturers for the purpose of satisfying appellee, he was about to insert a condition in the note that would insure the delivery of the plows or render it void, when Bush snatched the note from appellee and ran off with it; that he had never seen Bush afterwards, and was, at the time, too unwell to prosecute him; that he intended to insert a condition in the note before giving it to Bush; knew nothing of Clarke until the note was assigned to him. He states he never received the plows or machinery, and on writing to the manufacturers, they denied knowing Bush and disclaimed his agency.

The court thereupon gave this instruction:

" The plaintiff is entitled to recover on the note in question, if the jury are satisfied that the defendant executed the note in question. It is no defense to an action on such note, that the note was obtained in bad faith, or that it was surreptitiously obtained by the payee, or even forcibly, if it was assigned before due. The defendant denies, by his pleas, the making and delivery of the note, as his note, for a note can not be said to be executed until it is delivered; the making is not complete without a delivery. If the jury shall believe, from

the evidence, that defendant never executed this note—that is, that there was no legal and valid execution of the note on his part, by a delivery of. it, as well as signing—it was not his note, and the defendant will be entitled to a verdict."

This instruction manifestly misled the jury in arriving at their verdict. It asserts that the note was not executed until it was delivered, and that, if appellee did not deliver it, there was no legal and valid execution of the note, that would bind appellee for its payment, and he was entitled to a verdict. This is, no doubt, true as between the parties, but not as to an innocent purchaser before maturity. And when an assignment is found on a note, without date, the presumption is, that it was endorsed at the date of its execution.

In the case of *Shipley* v. *Carroll*, 45 Ill. 285, the plea averred that the note was written and signed by the maker, simply and solely as a matter of amusement, without any design of delivering it to the payee, and that the payee feloneously stole the note from the maker, and that he never was the legal holder or owner of the note. In that case, the note had been assigned before maturity, and on demurrer it was held that the plea did not, as against the assignee before it fell due, present a defense to its collection. That case was certainly as strong as this, and being similar in principle, it must control and is decisive of the case at bar.

The judgment of the court below must be reversed and the cause remanded.

                                        *Judgment reversed.*