JOHN C. COPPER v. MAYOR AND COMMON COUNCIL OF JERSEY CITY.

It is no defence to municipal bonds in the hands of a *bona fide* holder for value, that the corporation treasurer charged with the duty of negotiating them, absconded with them, and fraudulently put them in circulation for his own benefit.

*Quære*, whether negotiable instruments which have never been delivered or issued by authority of the maker or his agent, duly authorized to do so, can be held to have any legal inception, and to be valid in the hands of a *bona fide* holder.

---

In error.

For the plaintiff in error, *A. M. Hassel.*

For the defendant in error, *A. L. McDermott.*

The opinion of the court was delivered by

VAN SYCKEL, J. The plaintiff's action is instituted to recover on four overdue coupons attached to a bond called a

seven per cent. forty-year bond for $1000, purporting to be issued under an act of the legislature of this state, and in pursuance of certain resolutions of the board of finance and taxation of Jersey City, bearing the seal of the said corporation, and the genuine signatures of all the proper officers.

The bond when issued, was payable to ——— ——— or bearer.

The plaintiff is admitted to be a *bona fide* holder of the bond for value. He holds it as collateral security for the loan of $772.96, no part of which has been paid.

No rule of law is better settled than that which affirms the title of a *bona fide* holder for value of negotiable paper, notwithstanding the person by whom it was transferred to him acquired possession of it by felony or fraud. This, without exception, is the language of the books in every case where the instrument sued on is executed by one competent to contract, and is not declared to be absolutely void between the original parties by the rules of the common law or by positive statute. There is no virtue in the transfer of commercial paper to an innocent holder, which is potent to give life and validity to a note which is tainted by an infirmity which in the law renders it null and void. 1 *Parsons on Bills and Notes.* 275 ; 1 *Daniel's Negotiable Instruments,* § 837 ; *Swift* v. *Tyson,* 16 *Peters* 16 ; *Boyd* v. *Kennedy,* 9 *Vroom* 146.

Bonds issued by municipal corporations payable to bearer, are negotiable instruments, and in the hands of a *bona fide* holder, are free from all equities between antecedent parties to the like extent as bills of exchange and promissory notes.

" The title of the purchaser of such a security for a valuable consideration has all the qualities of the title of the holder of ordinary commercial paper, under the same circumstances." *Boyd* v. *Kennedy,* 9 *Vroom* 146.

The title of the *bona fide* holder of municipal bonds has a secure foundation in the well-settled doctrine which governs negotiable instruments, notwithstanding irregularity, fraud or misconduct on the part of the officers or agents of the corporation.

Want of power to issue the bonds is the only defence that is open to a corporation, after it has put upon the market its bonds purporting to be issued with due formality, and they have passed into the hands of innocent holders for value. *Ledwick* v. *McKim*, 53 *N. Y.* 310, and cases cited; *Jones on Railroad Securities*, § 288.

This is the admitted rule in the Supreme Court of the United States, where this question has been repeatedly adjudicated. *Com'rs of Knox County* v. *Aspinwall*, 21 *How.* 539; *Kennicott* v. *Supervisors*, 16 *Wall.* 452; *Township of Rockcreek* v. *Strong*, 6 *Otto* 271.

Section 130 of the charter of Jersey City provides that all bonds shall be issued and sold only on the concurrence of three members of the board of finance and taxation, and under direction of said board, at public or private sale, as may seem to said board best for the interest of the city.

The fact that the provisions of this restrictive clause have not been complied with, cannot avail the defendants under the case agreed upon by the parties. The defence is therein stated to be as follows:

"The ground of the defence to this action is founded in the criminal act of Alexander Hamilton, who was lawfully acting, and was in fact the treasurer of the defendants, and as such officer, while this bond and these coupons, together with a large number of the same series, were lawfully in his custody, instead of negotiating the sale of this and the other bonds and coupons, and accounting to the defendants for such sale and negotiation, as was in fact his duty as such city treasurer, contrary to his duty in the premises, he embezzled said bonds and coupons, absconded and appropriated the proceeds thereof to his own use, and the defendants have never received any benefit or advantage therefrom."

No infirmity being alleged or existing in the grant of power to the municipal body to execute and issue the bond, a legal defence cannot arise as against the plaintiff from the fact that the agent of the city charged with the duty of negotiating them, appropriated them to his own use.

If this bond had been executed by the municipal corporation, and locked up in its safe depository for future negotiation, and Hamilton, being without authority either to issue or negotiate it, had feloniously obtained possession of it, and put it in circulation, a different question would be presented.

Whether negotiable instruments, which have never been delivered or issued by authority of the maker, can be held to have any legal force or existence, even in the hands of *bona fide* holders, is a subject upon which there is a conflict of authority. *Worcester Bank* v. *Dorchester Bank*, 10 *Cush.* 488; *Shipley* v. *Carroll*, 45 *Ill.* 285; *Bursen* v. *Huntington*, 21 *Mich.* 415.

The case last cited is an instructive one, holding that the delivery of a promissory note by the maker is essential to a valid inception of the contract.

No opinion, however, is intended to be intimated upon that question; attention is called to the distinction for the purpose of preventing any misapprehension by the municipal authorities of the precise point adjudicated in this case. There is no defence under the facts agreed on in this case.

The judgment below should be affirmed.

*For affirmance* — THE CHANCELLOR, CHIEF JUSTICE, DEPUE, DIXON, MAGIE, PARKER, REED, SCUDDER, VAN SYCKEL, CLEMENT, COLE, GREEN, KIRK, PATERSON, WHITAKER. 15

*For reversal*—None.