GRAFF v. LOGUE ET AL.

1. **Promissory Note**: DELIVERED BY CUSTODIAN WITHOUT AUTHORITY: INNOCENT PURCHASER. Where one person delivers to another his negotiable promissory note, under an agreement that it is not to be put in circulation until the happening of some event, or that in a certain contingency the note is not to be considered as delivered, and the person to whom it is delivered puts it in circulation, an innocent indorsee for value, before maturity, may maintain an action thereon, notwithstanding the violation of the agreement. Accordingly, in this case, where the notes were made to A. & Co., and given to B., their agent, for a machine bought of A. & Co., under an agreement that they were not to be delivered to A. & Co. until the machine should be tried and found satisfactory, but the notes were delivered to A. & Co. in violation of the agreement, and by them indorsed to plaintiff, *held* that the violation of the agreement, and the failure and return of the machine, constituted no defense to the notes.

*Appeal from Cass District Court.*

THURSDAY, OCTOBER 18.

ACTION upon three promissory notes. Trial to a jury, and verdict and judgment for the plaintiff. Defendants appeal.

*L. L. Delano*, for appellants.

*G. S. Wedgwood*, for appellee.

ROTHROCK, J.—The notes in suit were negotiable in form, and were executed by the defendants, and payable to the order

of C. Aultman & Co., and the plaintiff averred that they were sold, transferred and indorsed by Aultman & Co. to him for a valuable consideration and before maturity.

The defendants claimed in their answer that they gave the notes in suit for a Sweepstakes Thresher and Separator, which they bought of Aultman & Co. through one Brown, agent of Aultman & Co. at Alantic, Iowa; that by the contract of purchase the machine was warranted, and that Brown was to hold the notes, and not deliver them to Aultman & Co. until the defendants should have time to try said machine according to and within the terms of said warranty, and, if it failed to work as warranted, to return said notes to defendants upon return of said machine; that the defendants made a fair trial of the machine and ascertained it to be worthless, and returned the same to said Brown and demanded the notes, and Brown represented that he had sent them to Aultman & Co.; that defendants at once demanded of said Aultman & Co. that they should return the notes, and notified them of the return of the machine.

The evidence tended to sustain the allegations of the answer as to the contract and warranty, and the breach thereof, and the return of the machine. It was also shown by the plaintiff that he bought the notes of Aultman & Co. before they were due, and that he paid full value therefor, without any notice of any defense thereto by the makers. In this state of the record, the court instructed the jury that defendants had not established any defense which was good against the notes in the hands of the plaintiff.

It will be seen that the only question involved in the case is whether or not there was such a delivery of the notes as that an innocent indorsee for value before due may recover thereon, notwithstanding the breach of warranty of the machine. In other words, are the facts established by the defendants upon the trial sufficient to defeat recovery by the plaintiff.

Counsel for appellants contend that the notes were never
VOL. LXI—45

delivered to Aultman & Co., and that because of such want of delivery they never had a legal existence, and are, therefore, void.

They cite *Chipman v. Tucker*, 38 Wis., 43, as decisive of the question. That was a case where defendants executed a negotiable promissory note, and a mortgage securing its payment, and placed them in the hands of a custodian, who had at the time the character of an indifferent person between the parties, with an express understanding that the instruments were not to be delivered to the payee of the note except upon the happening of a certain event, which never occurred, and the custodian, without any authority whatever, turned over the instruments to the payee, and suit was brought on the note and mortgage by one who had the rights of a purchaser in good faith for value before maturity—no facts appearing to charge defendant with negligence in allowing the instruments to be put in circulation, other than the facts above recited. It was held that the note was void. The ground of the decision is that the note never became operative by delivery, any more than if it had been stolen from the possession of the defendant and put in circulation. And it is held that the principle that when one of two innocent persons must suffer by the acts of a third, he who occasioned the loss must sustain it, has no application, because, if the custodian of the instruments had purloined them from the possession of the defendant and delivered them, the plaintiff's title would have been as good as it was under the facts in the case.

The cases of *Roberts v. McGrath*, 38 Wis., 52, and *Roberts v. Wood*, 38 Id., 66, are to the same effect, and they follow *Walker v. Ebert*, 29 Wis., 194, and *Kellogg v. Steiner*, Id., 626. These cases arose upon the celebrated railroad farm mortgages of Wisconsin.

In the case of *Burson v. Huntington*, 21 Mich., 415, the defendant, in negotiating for a deed for a patent right with one Goldwood, signed a note payable to the order of Goldwood,

which defendant was to procure another to sign as surety.
After defendant signed the note, he laid it upon the table
where it was signed, and went out to find a surety, telling
Goldwood not to touch it till he came back, but while defend-
ant was gone Goldwood picked up the note and went off with
it. No deed of the patent right was made. It was held
that the note was not delivered, and was void in the hands of
an innocent holder for value before due. The decision is
based upon the ground that where there has been no actual
delivery of the note, and where it is put in circulation by force
or fraud, it is void. .

In *Bank of Indiana v. Ross*, 1 Blackf., 316, A. & B. made
a note payable to a banking company. C., to whom B. was
indebted, handed the note to the cashier for discount; but
the bank refused to discount it. In the event of the note
having been discounted, C. was to draw the money and place
it to B.'s credit. It was held that the note, not having been
discounted, never had a legal existence, and could not be the
subject of an action for the benefit of any person.

On the other hand, there are many cases which hold that,
where one makes a negotiable promissory note and allows it
to be put in circulation, in a suit by an innocent holder for
value he cannot be allowed to show that the note never was
delivered; and some of the cases hold that this defense can-
not avail the maker, even where the note is taken from his
possession by force, fraud, or stealth. See Daniel on Nego-
tiable Instruments, 69, 708–710.

In *Shipley v. Carroll*, 45 Ill., 285, the maker signed the
note as a mere matter of amusement. It was stolen by one
who saw him sign it, and the thief passed it to an innocent
indorsee. It was held that the note was valid. In *Clarke v.
Johnson*, 54 Ill., 296, the maker drew his note for $108, in-
tending to insert a condition that it should not be valid unless
certain plows for which it was executed should be delivered,
and the payee snatched it from his hand, and ran off and
transferred it to an innocent holder for value. It was held
that the innocent holder could recover.

In *Gage v. Sharp*, 24 Iowa, 15, the note in suit was on its face a complete negotiable note, signed by the defendants and one Christie. It appeared in evidence that the defendant signed the note as surety for Christie, and that when it was signed it was blank in date and amount. Defendant delivered the note to Christie to be negotiated after Christie should execute a mortgage to secure the defendant for his liability thereon. Christie filled up the note with the sum agreed upon, but negotiated it, contrary to the agreement, without first making the mortgage. It was held that these facts did not constitute any defense against a *bona fide* holder.

We think that we may safely say that where one person delivers to another his negotiable promissory note under an agreement that it is not to be put in circulation until the happening of some event, or that in a certain contingency the note is not to be considered as delivered, and the person to whom it is delivered, in violation of the agreement, puts it in circulation, an innocent indorsee may maintain an action thereon, notwithstanding the violation of the agreement. Such seems to be the great weight of authority. See Parsons on Notes and Bills, Vol. 1, 110 to 115.

It is not necessary to determine the question in this case as to what would be the rights of the parties if the note had been taken from the possession of the defendants by force, or by stealth and against their will. There was an actual manual delivery of the note to the agent of Aultman & Co. In violation of the agreement, he passed it over to his principals, who negotiated it to the plaintiff, who is an innocent holder for value. The case is not different in principle from *Gage v. Sharp, supra*, and indeed it seems to us that if we should hold this note to be void we must overrule that case. We have no disposition to do so, believing it to be correct in principle, and supported by the weight of authority.

It will be remembered that this case involves no such question as that determined in *Knoxville National Bank v*

*Clark*, 51 Iowa, 264, and other cases where questions as to the fraudulent alterations of prommissory notes are discussed and determined. This case presents no question as to the integrity of the instrument sued upon. . It is in the identical form in which it was executed by the defendants.

AFFIRMED. .