## Levi S. Correll et al.
### v.
## Clarkson W. Freeman et al.

*Partnership—Dissolution—Bill to Compel Settlement—Chancery Juris-
diction—Cross-Bill.*

1. Where a court of chancery has obtained jurisdiction for one purpose,
it will retain it to do complete justice between the parties, although to do
so it may be required to pass upon some matters which alone would not
be cognizable in such a court.

2. Upon a cross-bill the relief granted must be either equitable in itself
or such as the party claiming it is entitled to at law, consistent with the
facts found giving equity jurisdiction of the subject-matter.

3. Upon a bill to settle partnership affairs, where the court finds that
there has been a full settlement between the parties, it can not proceed to
grant relief on a cross-bill claiming a balance due the defendant on such
settlement.

4. In the case presented there was no fact proved, either in support of
the bill or cross-bill, which would bring the case within the jurisdiction of
equity.

## [Opinion filed May 25, 1888.]

In error to the Circuit Court of Sangamon County; the
Hon. Charles S. Zane, Judge, presiding.

Messrs. Patton, Hamilton & Shutt and Palmer & Palm-
er, for plaintiffs in error.

The court erred in rendering a decree on the answer of
Clarkson W. Freeman in his favor against the complainant
and John Correll. Perhaps, as the parties made no objection
to treating the answer as a cross-bill, it is too late, upon the
mere point of practice, to object that the court so treated it,
but upon the point of jurisdiction it is apparent that the sub-
ject of the supposed cross-bill is a mere legal demand against
the complainant, and one which is in no sense germane to the
controversy between the complainant and defendant Free-
man.

It is said, in the case of Tobey v. Foreman, 79 Ill. 489:
"Relief sought by a cross-bill must be such as a court of chancery could grant by original bill."

In the case of Kennedy v. Kennedy, 66 Ill. 190, it is said:
"Where a cross-bill in a chancery proceeding to contest the validity of a will brought in a party as defendant who had no interest in the subject-matter of the litigation respecting the will, and who it was alleged was indebted to the estate for the use and occupation of a house of the testator after the death of the latter, *held*, that the fact of such indebtedness, if proved, did not make such person a necessary or even a proper party, as a court of equity did not have jurisdiction to hear and determine that question, the remedy for the recovery of same being ample at law."

As we understand the rule, a defendant may, by cross-bill, set up and rely upon mere legal matters when necessary to a defense to a bill in equity, but can not, by cross-bill, set up matters of law for the purpose of obtaining affirmative relief. It is an essential quality of a cross-bill that it shall relate to the matters of the original bill. Cross-bills are admissible only when necessary to obtain full relief to all parties touching the matters of the original bill. They are, since the statute, no longer necessary for discovery.

The rule is well stated in Jones v. White, 14 Ill. 229:
"Defendant to a bill in equity has a right to file his cross-bill stating new facts, if those facts are consistent with the subject-matter of the original suit."

Messrs. A. J. WALKER and W. E. LEWIS, for Levi S. Correll, plaintiff in error.

Mr. CHARLES A. KEYES, for defendant in error.
This case is a controversy between partners, therefore it is "one peculiarly within the cognizance of chancery." In the case of Bracken v. Kennedy, 3 Scam. 558, it is said that "in matters of controversy or difficulty between partners it is usual and by far the most convenient to resort to a court of equity for their final adjudication and settlement."

Correll v. Freeman.

Equity will not only recognize and protect debts due from the firm to an individual member, or from a member to the firm (Jones v. Bliss, 45 Ill. 143), and adjust the unsettled accounts between partners (Strong v. Clawson, 5 Gilm. 346), but will enforce a complete settlement of partnership matters. Where one of several partners files a bill for a settlement of the partnership affairs the court has power to render such a decree as the equity of the case may require, and no cross-bill is necessary in order to establish the rights of other partners. Atkinson v. Cash, 79 Cal. 53.

PLEASANTS, J. This was a case in chancery, upon a bill filed by Levi S. Correll for a settlement of the partnership business between him and Clarkson W. Freeman. It averred that on September 17, 1875, the complainant, being then the owner of a stock of drugs and carrying on a wholesale and retail business therein at Springfield, Illinois, sold a half interest in the same to said Freeman for $4,000, and formed with him an equal partnership under the firm name of Correll & Company which continued until about March 30, 1876, and was then dissolved; that Freeman has not paid said $4,000, and their partnership affairs have never been settled, and that John Correll, Thomas Correll and Abraham Freeman, have, or claim to have, some interest in the property and business of said partnership, the nature of which is unknown to complainant, and are therefore also made parties defendant. Abraham Freeman disclaimed, and Thomas Correll appeared to have no interest in the matter.

Clarkson W. Freeman put in an answer denying that he owed complainant anything as partner or otherwise, or that, as between them, their partnership affairs were unsettled. It averred that the stock of drugs mentioned was purchased on June 17, 1875, of Henry Glidden, in the name of complainant, but for defendant as well, with means wholly furnished in equal proportions by Thomas Correll, who is the father of complainant, and Abraham Freeman, who is the father of said defendant and was then also the father-in-law of said complainant; that the partnership between these parties was

formed at that time in pursuance of an arrangement expressly made therefor before and in view of said purchase; that it continued until March 12, 1876, when defendant, with the express consent of complainant, sold and transferred his interest to John Correll, a brother of complainant, for the sum of $6,000, of which $4,000 was paid down and the residue evidenced and secured by notes of the purchaser and Cornelius Correll, another brother of complainant; that it was then mutually understood and agreed that the firm accounts against complainant and defendant respectively should be offset and considered paid; that said John Correll should succeed to all the rights and liabilities of the defendant as partner, and that the new firm thus formed would pay to defendant the sum of $403, being the amount of an accommodation loan made by him to the old one some time during the following summer; that by this agreement all the affairs of the partnership of complainant and defendant were fully settled as between them, and that the agreement has been fully executed, except as to said sum of $403, which is still unpaid, and as to which he makes his answer a cross-bill and asks relief.

John Correll denied that he assumed Freeman's liabilities for the debts of the old firm, or was a party to the alleged agreement to pay him said sum of $403, or any other.

Issues having been made up and proofs taken and reported, the court, on final hearing, dismissed the original bill, and on the answer of Freeman, taken as a cross-bill, decreed that said Levi and John Correll pay him said sum of $403 with interest. The record is brought here by writ of error and errors are assigned upon both branches of the decree.

It is not denied that the stock of drugs was purchased at the time and with the means stated in the answer. The disputed questions upon the bill are, when was the partnership formed and for whom was the stock so purchased. At that time, whether in June or September, the relations of these parties and of their respective families, were friendly. Correll's wife was Freeman's sister. Before the filing of this bill, however, these relations underwent a change. Correll and his wife had been divorced, and litigation about other matters between other members of these families had arisen.

Correll v. Freeman.

In this case the testimony of Correll and his father, and of Freeman and his father, upon the questions stated, are directly in conflict, that of the former supporting the claim of the bill and that of the latter, with equal positiveness, the allegations of the answer. Corroborating circumstances are also urged on each side.

For complainant it is shown that the agreement with Glidden for the purchase was in his name alone; that the notes given for the deferred payments were signed by him as principal and by Thomas Correll and Abraham Freeman as sureties, the name of defendant not appearing upon them; that complainant was a physician and defendant a farmer; and a witness, Jacob Stacks, testified to a conversation between them about a proposition for a partnership, as late as September 12th, though his statement was denied and on its face somewhat severely criticized.

For defendant it was stated by himself as a witness and without contradiction, that at the time the transaction with Glidden was closed he was absent from the city, and that the name of his father, who was really to pay his share of the purchase price, was sufficient. From the date of purchase the business was carried on in the firm name of Correll & Company, and upon the evidence it is claimed that defendant in person took part therein as far as he could. Frank Fleury, who was in charge of the stock as trustee, while the invoice was being taken, and kept the books of Correll & Company for some months thereafter, testified that he understood from both that they were partners. His testimony is summarily disposed of in the argument as judicial in style, but there is other evidence strongly tending to show that a business card produced, and bearing the names of Levi S. Correll and Clarkson W. Freeman, respectively, at the right and left above the firm name of Correll & Company, was by the complainant personally procured to be printed and circulated in June, 1875. The supposed improbability that a physician would receive a farmer as an equal partner in the drug business in June is not very strong in view of the admission that he did so receive him in September. If in June, it is quite natural and highly

probable in itself that the means furnished by Freeman's father were furnished for him; and it is certainly remarkable, if he was owing Correll $4,000 for his interest, that the latter should stand by and witness his sale of that interest for $4,000 in cash and $2,000 in notes to another party, without a word about the payment or security of that indebtedness.

On the whole, we think the evidence warrants the finding that Freeman owed nothing to Correll growing out of their partnership; and further, that, as between them, its affairs had been fully settled.. The decree dismissing the original bill was therefore proper. There was no ground for equity jurisdiction, as was alleged in the bill, and for that reason we also hold that in granting the relief asked by the cross-bill the court erred. According to the claim and proof of defendant their partnership affairs were settled, and by the settlement a balance of $403 was found to be due to him, which his partner and John Correll expressly promised to pay. This was a legal cause of action. Nevertheless it might have been enforced upon the cross-bill if it had been found, as alleged in the original bill, that the firm affairs as between them had not been settled; for it is a well understood rule of equity practice, that where the court acquires jurisdiction for one purpose it will retain it for all purposes necessary to complete justice between the parties interested, although that may require that some matters be passed upon which alone would not be cognizable in such a court. Pool v. Docker, 92 Ill. 501; Sherlock v. Village of Winnetka, 59 Ill. 400–1; Morgan v. Roberts, 38 Ill. 65. Thus, having acquired jurisdiction for the purpose of correcting a mistake in the terms of a promissory note, it may retain it for the purpose of ascertaining the amount due and enforcing its payment, though such ascertainment and enforcement, of themselves, are purely legal proceedings. But if, upon the evidence, the court found there was no mistake in its terms, as alleged in the bill, we apprehend it could not properly proceed upon cross-bill or otherwise, to ascertain the amount due and enforce its payment. The relief granted upon cross-bill must be either equitable in itself, or such as the party claiming it is entitled to at law,

consistently with the facts found, which give equity jurisdiction of the subject-matter. None such are here found. The jurisdiction was involved to settle partnership affairs, but a court of equity has no power to settle partnership affairs which have been fully and lawfully settled by the partners themselves. No fact proved in this case would give it jurisdiction for any purpose; and having so found, it can not properly proceed to relieve upon either the original or the cross-bill. So much of this decree as purports to do so upon the answer, treated as a cross-bill, will therefore be reversed.

*Decree affirmed in part and reversed in part.*