VACLAV MARTINA et al.

v.

HENRY C. MUHLKE.

186    327
101a  ¹235

*Opinion filed June 21, 1900.*

1. BILLS AND NOTES—*when fraud will invalidate note in hands of an innocent holder.* In order that fraud may invalidate a note in the. hands of a *bona fide* purchaser before maturity and without notice, it is necessary that such fraud must have been employed in obtaining the execution of the instrument.

2. SAME—*when trustee's fraud is no defense to suit on notes.* One who executes new notes and trust deed and delivers them to the trustee to secure an extension of time upon the trustee's promise to return. the old trust deed and notes, may defend foreclosure of the new trust deed, where the trustee has sold it, with the notes, to a *bona fide* purchaser without notice and·appropriated the proceeds, leaving the old trust deed and notes in force, but he cannot interpose the trustee's fraud as a defense to a suit at law on the notes.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on writ of error to the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

The following is the statement of the facts made by the Appellate Court in this case:

"The plaintiff in error, Vaclav Martina, borrowed from Theodore Schintz the sum of $3000, and executed notes therefor and a mortgage upon his homestead to secure the same. After some payments upon the indebtedness and one extension of the payment of balance due, there was an arrangement made between borrower and lender in June, 1897, to execute new notes and trust deed to secure payment of balance then remaining due, and for another extension of the time of payment for the period of five years. When the new notes and the new trust deed for the purpose of this last extension were executed by Martina they were given to Schintz, who said that he would return the old notes and the old trust deed in a

few days after the recording of the new papers. Schintz sold the new notes secured by the new trust deed to defendant in error, Muhlke. A Mrs. Foote held the old notes secured by the old trust deed. Schintz converted to his own use the proceeds of the sale of the new notes and left the old notes unpaid in the hands of Mrs. Foote, and constituting a valid first lien upon the property to the extent of the unpaid balance due thereon. In December following June, 1897, Muhlke caused judgment to be entered upon the $1200 principal note which he had bought from Schintz, and also upon one of the overdue interest coupons for $36, the note having a warrant of attorney attached and a provision for the entering of judgment.

"Muhlke, the defendant in error, filed his bill here to foreclose the trust deed which was given to secure these notes, and by his amended bill he sought to obtain a foreclosure of the lien created by that trust deed to satisfy the judgment.

"Martina, plaintiff in error, filed his cross-bill, setting up the foregoing facts, and seeking to have the notes and trust deed held by Muhlke canceled and the record of the trust deed 'annulled and removed as a cloud from the title' of Martina to the property in question, and also praying for a decree vacating the judgment which Muhlke had obtained on his notes upon the law side of the court. The cause was referred to a master in chancery. The master reported *inter alia* findings and conclusions that complainant, Henry C. Muhlke, was a *bona fide* purchaser for value of said promissory note for $1200 before maturity, and as such was entitled to the judgment in law upon said notes; that the trust deed securing that note having been given without consideration, complainant took the same subject to all the defenses said cross-complainant could have opposed to a foreclosure of the same by Theodore H. Schintz; and recommended that a decree be entered dismissing complainant's bill of com-

plaint for want of equity, ordering cancellation of said trust deed and denying any further relief under cross-bill. The court overruled the exceptions of plaintiff in error and those of defendant in error, and entered a decree in accordance with the recommendation of the master."

A writ of error was sued out from the Appellate Court where the decree has been affirmed, and the present writ of error is prosecuted to review such judgment of affirmance.

JONES & LUSK, for plaintiffs in error.

PENCE, CARPENTER & HIGH, for defendant in error.

Per CURIAM: In deciding this case the Appellate Court delivered the following opinion:

"Error is assigned by the plaintiff in error in that the court denied relief prayed by the cross-bill, viz., the vacating of the judgment at law obtained by the defendant in error upon the principal and interest notes in question. And cross-error is assigned by defendant in error in that the court denied the relief prayed by the amended bill of complaint, viz., the enforcement of the lien of the trust deed given to secure these notes, and in that the court ordered the trust deed to be canceled.

"We are of opinion that the trial court was right, and that it did not err in either of these respects. It seems clear from the evidence that the plaintiff in error dealt with Schintz as the lender of the money and the mortgagee in the conveyance which secured the loan. As between them there was no equitable claim against plaintiff in error under the trust deed, and hence under the rule, well established by many decisions of this State, defendant in error acquired no equitable rights when the mortgage notes were transferred to him. (*Olds* v. *Cummings*, 31 Ill. 188; *Walker* v. *Dement*, 42 id. 272; *Sumner* v. *Waugh*, 56 id. 531; *White* v. *Sutherland*, 64 id. 181; *Haskell* v. *Brown*,

65 id. 29; *Thompson* v. *Shoemaker,* 68 id. 256; *Towner* v. *Mc-Clelland,* 110 id. 542; *Himrod* v. *Gilman,* 147 id. 293; *McAuliff* v. *Reuter,* 166 id. 491; *Buehler* v. *McCormick,* 169 id. 269).

"But this rule has no application to the rights of defendant in error to a legal claim quite independent of any lien upon the premises in question, which legal claim was acquired by the defendant as purchaser of the notes for value and before maturity and without notice of plaintiff in error's defense. It cannot be said that the execution of these notes was procured by fraud or covin, in the sense that would make the notes invalid. Plaintiff in error executed the notes with full knowledge of just what they were, and there was nothing in the execution of them which could operate to bring them within the rule, which applies only to instruments execution of which is obtained by fraud. The fraud necessary to thus invalidate must be fraud in obtaining the execution of the instrument. (*Woods* v. *Hynes,* 1 Scam. 103; *Mulford* v. *Shepard,* id. 583; *Adams* v. *Wooldridge,* 3 id. 255; *Shipley* v. *Carroll,* 45 Ill. 285; *Depuy* v. *Schuyler,* id. 306; *Richelieu Hotel Co.* v. *Military Encampment Co.* 140 id. 248).

"Nor can it be said, as against defendant in error, that these notes were not fully delivered. (*Clarke* v. *Johnson,* 54 Ill. 296). Nothing was lacking in matter of execution or delivery. Default of Schintz was in failing to deliver the old notes and release of the old trust deed. This failure operated to give plaintiff in error a complete defense to any obligation under the new notes as against Schintz, and, in equity, against enforcement of the lien of the mortgage by the purchaser from him, defendant in error, but it constituted no defense in law against the obligation of the notes themselves in the hands of a *bona fide* purchaser before maturity and without notice. The judgment obtained at law could not be attacked in the proceeding, simply because plaintiff in error had an equitable defense against the lien of the trust deed. No other ground is disclosed for the intervention of equity in re-

lation to the judgment. Therefore, the defendant in error was entitled to his judgment in law, and the court properly denied the prayer of the cross-bill to vacate it.

"Argument of counsel for defendant in error, that the equities of plaintiff in error, as against the obligation of these notes, did not exist when defendant in error bought them, but arose afterwards when Schintz failed to return the old notes, and therefore the doctrine of *Olds* v. *Cummings, supra,* does not apply, we regard as untenable. If Schintz was the money lender and the real mortgagee, then there was never any time when the equities of plaintiff in error did not exist as against the notes and the conveyance securing them, so far as Schintz was concerned, for there was never a time when the notes were enforcible in his hands. It follows that there was never any time at which he could have conveyed them to defendant in error, so as to give the latter any equitable right to a lien under the mortgage."

We concur in the foregoing views and in the conclusion above announced. Accordingly, the judgment of the Appellate Court is affirmed.      *Judgment affirmed.*