Mary J. Zollman, Appellant, v. Jackson Trust & Savings Bank et al., Appellees.

Gen. No. 13,907.

1. NEGOTIABLE INSTRUMENTS—*who innocent purchaser for value.* The purchase of notes secured by trust deed, which notes and trust deed represent a building loan, may be enforced at law notwithstanding the consideration for the notes has failed, if the purchaser thereof acquired the same for value before maturity and without notice of the lack of consideration, even though such purchaser acquired, together with the notes and trust deed securing the same, an insurance policy which contained an indorsement granting permission to the insured to complete the building covered by the trust deed.

2. PLEADING—*when relief sought by cross-bill appropriate.* Where an action is instituted to enjoin the enforcement of promissory notes, a cross-bill praying a decree for the amount due under the notes is appropriate upon the principle that where a court of equity obtains jurisdiction for one purpose, it will retain it for all purposes necessary to do complete justice between the parties in interest.

Bill to remove cloud, etc. Appeal from the Circuit Court of Cook county; the Hon. LOCKWOOD HONORE, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1907. Affirmed. Opinion filed May 19, 1908.

Statement by the Court. Appellant filed her bill of complaint in which she states *inter alia* that she is erecting an apartment building on certain described property which she owns and is in possession of; that in order to complete said building she negotiated a building loan from one Henry W. Howe in January, 1906, and gave a trust deed on said property to secure her note for $7,000, with interest notes, which notes were made payable to her own order and by her in-

dorsed; that said notes were delivered to said Howe, he agreeing to pay the complainant the said $7,000 as the building progressed; that said Howe never paid her any part of that sum and that the consideration has wholly failed; that Howe delivered said notes, together with the trust deed and policies of insurance on said premises, to appellee, the Jackson Trust & Savings Bank, which now claims to be the legal holder thereof. She avers that appellees knew at the time they received the notes that no consideration had been paid for them and that the buildings were unfinished. The bill alleges that the trust deed is a cloud upon appellant's property, and prays it may be decreed null and void, and that appellees may be compelled to cancel and deliver up the note for $7,000, with the interest notes, trust deed, insurance policies and abstract of title to said premises.

Appellees answered, neither admitting nor denying most of the allegations of the bill, alleging that if complainant negotiated a loan from said Howe the latter was her agent; and denying that Howe never paid her any part of the amount of said loan and that no consideration was paid for the notes or that such consideration has wholly failed.

Later, on petition of appellant, an order was entered restraining the Jackson Trust and Savings Bank from further prosecution of a suit at law then pending in the Superior Court against appellant as defendant. Thereupon the bank filed a cross-bill in this suit, setting forth that it obtained the said notes in the ordinary course of business from Henry W. Howe for a valuable consideration and in good faith, as security for an indebtedness of said Howe to said bank approximating $20,000; that it never had any notice of equities alleged to have existed between appellant and said Howe; that appellant made default in the payment of the first interest coupon April 1, 1906; that May 3, 1906, the cross-complainant elected to and did declare the whole principal sum, with accrued interest,

due and payable at once, and that there is due from appellant $7,000, with interest at 4¾ per cent. from and after April 1, 1906, to the third day of May, 1906, and 7 per cent. per annum from and after said last mentioned date, together with $73.80 and interest theron from April 1, 1906, at the rate of 7 per cent. per annum, no part of which has been paid and for which cross-complainant is entitled to judgment against appellant.

It is further averred that the cross-complainant filed its suit at common law against appellant in the Superior Court of Cook county, which suit the court restrained until the final outcome of this cause and that therefore cross-complainant files the cross-bill to obtain the same relief it might have had in said suit at law.

Appellant answered said cross-bill alleging that said notes, trust deed and policies of insurance were delivered to said Howe in trust to be held until the title to said lots should show the record of said trust deed and until the amount of said notes became due and payable to the contractors and material men for work and material on said building in process of construction; that said loan is what is known as a building loan and that Howe promised to pay the bills for material and labor as the building progressed, which promise has been wholly disregarded; that no part of said sum evidenced by said notes has been paid and no consideration given for said notes or alleged trust deed. Appellant—cross-defendant—further denies that said bank obtained said notes in the ordinary course of business and for a valuable consideration from said Howe and in good faith as security for a loan prior to maturity, and denies that said bank never had notice of the equities between appellant and said Howe; alleges that said bank took said notes, trust deed and certain insurance policies with full knowledge that the notes were executed for the purpose of a building loan, and that said building was not com-

pleted and that no consideration had been paid for said notes. The answer denies other allegations of the cross-bill and denies that the cross-complainant is entitled to the relief it seeks and that the court has jurisdiction to grant such relief.

The cause was referred to a master, who reported that an alleged law of 1901 making mortgages, trust deeds and other conveyances in the nature of mortgages negotiable instruments is void; that the trust deed securing said notes is also void; but the master recommends a money judgment on the cross-bill. Eventually a decree for money against appellant for the amount alleged to be due on the notes, with interest and costs, was entered, from which this appeal is prosecuted.

ERNEST SEVERLY, for appellant.

ADAMS & FROEHLICH, for appellees.

MR. JUSTICE FREEMAN delivered the opinion of the court.

It appears from the evidence, as to which there is no material controversy, that appellant began about October 1, 1905, the erection of an apartment building on the land described in the trust deed in question, and that to complete the building she obtained a building loan of $7,000 from one Henry W. Howe, for which sum she executed her promissory note payable to her own order and by her indorsed, together with seven interest notes, and to secure such loan executed a trust deed conveying the property in question to the Chicago Title & Trust Company as trustee. The trust deed was filed for record January 15, 1906. The notes, the trust deed and certain insurance policies were all placed in the hands of Howe, with an agreement or understanding that February 1, 1906, and afterward as occasion required, appellant should fill out a blank form showing what bills were to be paid and Howe

should pay them out of the amount so to be loaned by him to appellant.  None of this money supposed to be represented by the note and trust deed executed and delivered to Howe by appellant was ever paid over to appellant or to anyone on her account.  On the second of February, 1906, Howe committed suicide.

Meanwhile, on January 20, 1906, Howe had turned over to the Jackson Trust and Savings Bank the note for $7,000 executed by appellant, together with the interest coupons, trust deed securing the same and two policies of insurance on the incomplete buildings.  Said policies contained a permit for the completion of the buildings.  The notes and other documents were received by the bank as collateral security for loans made by the bank to Howe.

It is argued in behalf of appellant that there can be no innocent purchaser for value without notice of mortgage securities in this state, that the purchaser takes the same subject to equities between the original parties to the mortgage, and that different instruments executed at the same time constitute in law but a single instrument.  In support of such contention appellant quotes what is said in Y. M. C. A. G. Co. v. Bank, 179 Ill. 599-605: "We have frequently held that the assignee of a mortgage holds it and the indebtedness secured by it subject to the same defenses which might have been urged against the mortgage."  In the same case, however (p. 604), it is said that where negotiable paper is "transferred to an innocent purchaser for value before due, without any notice of the absence of title in the assignor, the transferee will obtain the legal title even against the true owner."  The appellee in this case holds the note in controversy, a negotiable instrument, upon the same terms and conditions as the note involved in Buehler v. McCormick, 169 Ill. 269-273.  The note in this case, as in that, was indorsed in blank by the maker and delivered to appellee with the trust deed given to secure it.  Appellee, as in that case, became "an assignee of the note, and by virtue

of that fact an assignee of the mortgage also, though
as to the mortgage only an equitable assignee. Be-
cause the mortgage secured the payment of the note
to the legal holder, cannot, upon any legal principle
which we are aware of, make any difference  *  *  *
and the note secured would be negotiable and would
pass free from all equities between the parties; but the
legal and equitable character of the mortgage remained
the same.'' To the same effect is Martina v. Muhlke,
186 Ill. 327-330. There the distinction between an
equitable claim under a trust deed given to secure
notes under conditions similar to those in the case at
bar, and the ''legal claim, quite independent of any
lien upon the premises in question, which legal claim
was acquired by the defendant as purchaser of the
notes for value and before maturity and without notice''
of any defense by the maker of the notes, is clearly
stated. It was held that an equitable defense against
the lien of a trust deed is no defense against a judg-
ment on the notes. It was said by this court in Met-
calf v. Draper, 98 Ill. App. 399-408, that if one care-
lessly and without consideration lets his note go into
circulation, and an innocent party purchases it in the
usual course of business, upon the former must fall
the loss, for he it was whose conduct made it possible
for the purchaser to be deceived. In Bradwell v.
Pryor, 221 Ill. 602-605, the rule is stated to be that the
indorsee or assignee of commercial paper who takes
the same before maturity for a valuable consideration
without knowledge of any defects and in good faith
will be protected against the defenses of the maker,
and the only thing which will defeat his title is bad
faith on his part; and to establish such bad faith by
a preponderance of the evidence the burden of proof
is upon the person assailing the assignee's right.

In the case at bar appellant had borrowed money
from Howe which she had left in his hands for dis-
bursement on her order as the building progressed.
The notes evidencing the loan were turned over to him.

To all appearance at least, if not in fact and law, he was at liberty to sell or otherwise dispose of them as he might see fit, provided of course as between himself and appellant it was his duty to advance to her the money as agreed between them.  By the transfer of the notes to appellee for an actual consideration advanced by the latter in good faith, before maturity and without notice of any equities in favor of appellant against Howe, appellee became a *bona fide* holder for value.  The evidence clearly, we think, sustains the contention that appellee was in fact an innocent purchaser before maturity for value, notwithstanding that the insurance policies delivered to appellee with the notes and trust deed contained an indorsement granting permission to the insured to complete the building covered by the trust deed.  We are unable to concur in the contention of appellant's counsel that these indorsements were "equivalent to the statement" that the notes were for a building loan upon a building in course of construction, and that the money had not yet been paid over by Howe; and that they tend to show, therefore, the bank was not an innocent purchaser for value.  The fact that it was a building loan was in no way equivalent to notice that the money had not been, much less that it would not be, paid over. It might have been paid, so far as the notes or other papers showed; but whether so or not, appellant had trusted Howe to pay it over as required, and had trusted him with the notes.  Appellee was, we think, entitled to assume that she had protected herself against fraud or failure on his part.  That he failed to pay it was her misfortune, not the fault of appellee. In Sigel v. Chicago Trust and Savings Bank, 131 Ill. 569-572, the court quotes approvingly from State Nat. Bank v. Carson, 39 La. Ann. 865, that "it cannot affect the negotiability of a note that its consideration is to be hereafter realized or that from contingency it may never be enjoyed."  That the note is given for an executory contract or promise on the part of the payee

will not destroy its negotiability, it is said, unless the recital on the instrument "qualifies the promise to pay and renders it conditional or uncertain, either as to the time of payment or the sum to be paid." There are no such qualifying recitals in the case at bar.

It is urged there is no equity in the cross-bill, and that it gave the court no jurisdiction, that when a cross-bill seeks relief it must be equitable relief; citing Cotes v. Bennett, 183 Ill. 82, and Phelan v. Iona Sav. Bank, 48 Ill. App. 171. The case at bar, however, is not a foreclosure proceeding. Appellee had begun a suit at law in the Superior Court on the notes. Appellant enjoined its prosecution and forced appellee into chancery. It is a rule of equity procedure that where a court obtains jurisdiction for one purpose "it will retain it for all purposes necessary to do complete justice between the parties interested, although that may require that some matters be passed upon which alone would not be cognizable in such a court." Correll v. Freeman, 29 Ill. App. 39-44. In such case "the right of the defendant to maintain a cross-bill that is germane to the original bill is not dependent upon the validity of the claim made in the original bill." Biegler v. Merchants L. & T. Co., 164 Ill. 197-209. In the same case the Appellate Court (62 Ill. App. 560) said: "Parties resorting to equity and inviting its administration are not permitted, after the filing of a cross-bill which prays for relief germane to the original suit, and after being defeated in equity or anticipating defeat there, to retrace their steps and compel the defendant who has filed his cross-bill to again return to the court of law from proceeding in which he had been enjoined."

It is urged that appellee had no right to compromise with parties claimed to have been liable on any of the collateral security which it held. Whatever may be said as to such right, it is apparent in any event that appellant was not injured by its exercise in this instance. Had such compromises not been made and the

whole of the amounts compromised been paid to appellee, there would still have been due the latter more than it will obtain on this judgment and any other collateral it holds.

We find no material error in the decree, and it must be affirmed.

*Affirmed.*