### CRITSER et al. v. STEELEY.

No. 7268—Opinion Filed Jan. 16, 1917.

(162 Pac. 795.)

**1. Bills and Notes—Actions—Liability.**

One who with another signs a joint and several negotiable promissory note, which on its face shows each of the makers to be principals, cannot as against a holder in due course show that he is a surety, but he is bound as a principal.

**2. Same—Holder in Due Course.**

A "holder in due course," as defined by section 4102, Rev.' Laws 1910, is entitled to

recover the full amount due on a negotiable promissory note held by him against all parties liable thereon notwithstanding any defect or infirmity in the title of the payee from whom he received the note duly indorsed. )

### 3. Appeal and Error—Bills and Notes—Holders in Due Course—Burden of Proof.

When it is shown that the title of a person negotiating a negotiable promissory note is defective, the burden is on the holder of proving that he or some one under whom he claims acquired title as a holder in due course; but, when there is evidence reasonably showing such a state of facts, this court is bound by the verdict of the jury, and such verdict will not be disturbed.

### 4. Bills and Notes—Possession—Presumptions.

Where a negotiable promissory note has passed into the possession of others than the original makers thereof, a valid and intentional delivery is presumed until the contrary is shown; but, if such note is in the hands of a holder in due course, a valid delivery by all parties prior to such holder in due course is conclusively presumed, and in such case evidence cannot be heard to disprove a valid and intentional delivery.

### 5. Same—Payment—Surrender.

Where a negotiable promissory note is surrendered as paid to one of two joint and several makers thereof, and afterwards the same is returned by such maker to the payee, there being nothing connected with the note itself to show that same has been paid or to suggest any defect in the title, and such note before maturity is for value transferred to a holder in due course, such holder can recover from the makers the amount due thereon, notwithstanding one of the makers did not authorize the redelivery of the note and was not aware of the act of the other maker in redelivering the same to the payee, and notwithstanding that, while the note on its face showed him to be a principal, he was in fact a surety.

(Syllabus by Stewart, C.)

Error from District Court, Cherokee County; John H. Pitchford, Judge.

Action by Kair Steeley against Henry Critser and another. There was a judgment for plaintiff, and defendants bring error. Affirmed.

Bruce L. Keenan, for plaintiffs in error.

J. I. Coursey, for defendant in error.

Opinion by STEWART, C. The parties will be styled hereinafter as they were in the lower court.

At the outset, we find that the plaintiff has filed motion to dismiss appeal. The motion does not raise any jurisdictional question.

We are of the opinion that the same should be overruled, and it is so ordered.

The plaintiff brought action against the defendants for alleged balance due on a joint and several promissory note alleged to have been executed by defendants to Chas. Butler, the plaintiff claiming to be the owner and holder in due course. Defendants answered admitting the execution of the note, denying that plaintiff was a holder in due course, and alleging that the defendant Critser was principal on the note and defendant Yoachum was surety; that the note was given as payment for a team, mortgage being retained on said team to secure payment of the note; that afterwards the payee in the note, Chas. Butler, agreed for defendant Critser to trade the team to one Lilly for 20 acres of land, which was done, the defendant Critser executing a mortgage on the land to Butler in full settlement of said note, Butler surrendering the note to Critser as fully paid; that afterwards a question was raised as to the land as described being the land represented to be conveyed to Critser by Lilly; that Butler induced Critser to let him have said note for the purpose of recovering the team from Lilly, agreeing when the team was recovered to return the note; that thereupon Butler transferred the note to the plaintiff with knowledge on part of the plaintiff of the facts connected with the same; that plaintiff recovered the team and pretended to sell same, but that the note was not returned to Critser; that Critser was thereby deprived of the consideration for said note and is not indebted to plaintiff in any sum. Issues were joined and submitted to a jury, a verdict being rendered for plaintiff and against each of the defendants. Motion for new trial was duly filed which was overruled, and, exceptions having been saved by the defendants, error is brought to this court.

The only errors presented for our consideration are: (1) The question of the sufficiency of the evidence to sustain the verdict of the jury. (2) The refusal of the court to give instruction to the jury requested by defendant Yoachum which reads as follows:

"The jury are instructed that, in case they find that the note sued on in this action was surrendered by the holder, Charles Butler, as satisfied and paid, and that thereafter the said note was returned to said Charles Butler by said Henry Critser, defendant, for any purpose, the said Charles Butler would have no authority to sell and transfer said surrendered and canceled note, if the jury find the same was surrendered and canceled, unless they further find that said W. B. Yoachum assented to such sale and transfer to plain-

tiff, so as to bind said W. B. Yoachum, defendant, to pay the plaintiff as a holder in due course of business of such transfer before maturity; and in case the jury find the note was cancelled and surrendered to said Henry Critser, and by him returned to Charles Butler without the knowledge and assent of W. B. Yoachum, defendant, then your verdict should be for the defendant W. B. Yoachum against the plaintiff."

The note in question is joint and several and negotiable, the defendants on the face each appearing to be principals, said note being duly indorsed by the payee named therein from whom plaintiff received the note. There is nothing in connection with the instrument itself which shows a concellation or surrender of the same. The undisputed evidence is that it was transferred to the plaintiff before maturity and that the plaintiff paid a valuable consideration for the same; that the team in question was sold under the mortgage and the proceeds applied as a credit thereon. The note is complete and regular on its face; there is nothing to show it has ever been dishonored, and nothing to suggest any infirmity or any defect in the title.

While the testimony is conflicting, yet it might be said that the evidence of defendants tends reasonably to support the allegations contained in defendants' answer, except the allegation of notice on the part of the plaintiff, at the time he purchased the note, of the matters set forth in the answer.

Section 4109, Rev. Laws. 1910, provides with reference to a holder of a negotiable instrument:

"Every holder is deemed prima facia to be a holder in due course; but when it is shown that the title of any person who has negotiated the instrument was defective, the burden is on the holder, to prove that he or some person under whom he claims acquired the title as a holder in due course. * * *"

The evidence of the defendants reasonably tending to show that Butler's title to the note was defective when he negotiated it, the burden shifted to the plaintiff to show that he is a holder in due course. The plaintiff testified to material facts showing that he was such a holder of the note. The defendants did not offer any evidence tending to disprove plaintiff's contention, nor were there any circumstances shown by the testimony that tend to establish that the plaintiff was not a holder in due course.

Section 4102 Rev. Laws 1910, defines a "holder in due course": .

"A holder in due course is a holder who has taken the instrument under the follow-

ing conditions: First, That it is complete and regular upon its face. Second, That he became the holder of it before it was overdue, and without notice that it had been previously dishonored, if such was the fact. Third, That he took it in good faith and for value. Fourth, That at the time it was negotiated to him he had no notice of any infirmity in the instrument or defect in the title of the person negotiating it."

There is proof in the case at bar reasonably supporting each of the four conditions necessary to constitute a holder for value. It must be held that the evidence reasonably establishes that the plaintiff is a holder in due course.

The latter part of section 4066, Rev. Laws, 1910, reads:

"But where the instrument is in the hands of a holder in due course, a valid delivery thereof by all parties prior to him so as to make them liable to him is conclusively presumed. And where the instrument is no longer in the possession of a party whose signature appears thereon, a valid and intentional delivery by him is presumed until the contrary is proved."

Correctly construing this section, it follows that, while an intentional delivery is presumed when a negotiable instrument has left the possession of one whose name is signed thereto, yet the contrary may be proved unless the instrument is in the hands of a holder in due course. In such event, a valid delivery is conclusively presumed, and no evidence can be offered to disprove a valid and intentional delivery.

It being proved by the evidence in the instant case that the plaintiff is a holder in due course, it is therefore immaterial so far as the rights of the plaintiff are concerned, whether or not the makers or either of the makers of the note intended a delivery of the same to Butler, the payee in the note.

The plaintiff having met the burden of proof as to showing himself to be a holder in due course, and the jury having passed upon all the facts including the facts necessary to be established by the plaintiff, it does not matter as between the plaintiff and the defendants for what purpose Butler had the note, nor whether or not Butler's title was defective on account of failure of consideration or for any other cause; nor does it matter that Yoachum was in fact a surety, especially when from the face of the note the plaintiff had a right to consider him as a principal.

The conclusions reached are supported further by section 4107, Rev. Laws 1910, which provides:

"A holder in due course holds the instrument free from any defect of title of prior parties and free from defenses available to prior parties among themselves, and may enforce payment of the instrument for the full amount thereof against all parties liable thereon."

The following authorities also support the views herein expressed: Shipley v. Carroll, 45 Ill. 285; Clarke v. Johnson, 54 Ill. 296; McCormick v. Holmes, 41 Kan. 265, 21 Pac. 108; Ingham v. Primrose, 7 C. B. N. S. 82, 28 L. J. C. P. N. S. 294; Kinyon v. Wohlford, 17 Minn. 239 (Gil. 215.) 10 Am. Rep. 165.

It follows that the court did not err in refusing to give the instructions requested by the defendant Yoachum, and that the verdict of the jury and the judgment of the trial court must be sustained.

The judgment of the lower court should be affirmed.

By the Court: It is so ordered.