Woods *v.* Hynes.

JOHN WOODS, plaintiff in error *v.* PETER HYNES, defendant in error.

*Error to Adams.*

The consideration of a negotiable note cannot be impeached in the hands of an innocent assignee, who received the note before it became due.

The fraud which will vitiate a note in the hands of an innocent assignee, must be *in obtaining the making or executing* of the note.(1) Fraud in relation to the consideration, or in the contract upon which the note is given, is not sufficient.

Where the issue is wholly immaterial, the verdict of the jury will be set aside. The rule is, that where matter, be it never so well pleaded, could signify nothing, judgment may, in such cases, be given as by confession.

THIS action was tried at the October term, 1832, of the Adams Circuit Court, before the Hon. Richard M. Young. The note upon which the action was brought, is as follows :

"QUINCY, 18th October, 1831.

"On or before the 15th of March, 1832, I promise to pay unto David Wilkin or order, the sum of one thousand dollars, lawful money of the United States, without defalcation, being for value received, as witness my hand and seal the above date.

PETER HYNES.          [L.S.]

Witness :

S. W. ROGERS,

WILLARD KEYES."

" Pay the within to Mr. John Woods, or his order or assigns.

St. Louis, Nov. 21st, 1831.          DAVID WILKIN."

The defendant in the court below filed the following plea :

"And the said Peter Hynes comes and defends the wrong and injury, when and where, &c. and for plea says, that the said plaintiff (*actio non*) because he says that the said David Wilkin, the person to whom the said writing obligatory was made, used fraud and circumvention in obtaining the said writing from this defendant—that the said Wilkin, being a stranger in this country,

(1) Mulford *v.* Shepard, decided Dec. term, 1839, *post.*

came to the town of Quincy with a quantity of goods boxed up in boxes and crates,—that the said Wilkin, in order to practice fraud and circumvention in the sale of the said goods with advantage and benefit to himself, represented himself, in the town of Quincy, to be a religious man and a member of the Presbyterian Church, in consequence whereof this defendant believed the said Wilkin to be an honest man, who would take no advantage, and use no deception in a trade,—that the said writing was executed by this defendant to the said Wilkin, in consideration of the sale of the said goods from the said Wilkin to this defendant.    That at the time of the sale of the said goods, and of the execution of said note, the said Wilkin, notwithstanding all his said pretences to religion and sanctity, did falsely and fraudulently, and with an intention to deceive and circumvent this defendant, represent to this defendant, that the said goods, so boxed and crated up as aforesaid, were of a good quality, and that they were equal in quantity to be of value to the amount of said writing.    Yet this defendant in fact says that the said goods were greatly and scandalously inferior in quality to what they were represented to be by the said Wilkin, and were greatly and scandalously deficient in quantity, to what they were represented to be by the said Wilkin, so that they were in nowise of value to the amount of the said note; and the said defendant says that so soon as he ascertained the aforesaid deficiencies in the said goods, this defendant tendered the said goods back to the said Wilkin, but the said Wilkin refused to receive the same, all which this defendant is ready to verify, wherefore, he prays judgment, &c.

FORD, RALSTON & WHITNEY,
Deft's. Attorneys."

A. WILLIAMS, for the plaintiff in error.

J. W. WHITNEY, for the defendant in error.

SMITH, Justice, delivered the opinion of the Court:

This was an action of *debt*, on a sealed note for one thousand dollars, which is made payable to order.    By the declaration it appears that the plaintiff became the assignee of the note before it became due.    To the declaration, which is in the usual form, the defendant pleaded a special plea that the note in question was obtained by fraud and circumvention, and alleged that the goods for which it was given were less in quantity and deficient in quality, from what they were represented by one Wilkin, the payee of the note.    To this plea there was a general demurrer and joinder.    The Court overruled the demurrer, adjudging the plea sufficient; the plaintiff took issue on the plea; a trial was had, and a general verdict for the defendant, and judgment in his favor for costs.

Woods *v.* Hynes.

To reverse this judgment, the plaintiff prosecutes this writ of error. It will be apparent that the plea would have been no bar to the action on the note in the hands of an innocent endorsee or assignee, as has been repeatedly adjudged; nor has the 6th section(1) of the act of the General Assembly of this State, given the right to interpose such a defence where there is a mere deficiency in the quality or quantity of the article sold, as between the maker and the assignee. It declares that, ("if any fraud or circumvention be used in obtaining the making or executing any instrument,") the note shall be void not only between the maker and payee, but also in the hands of every subsequent holder.

The present case does not come within this provision; the fraud, as attempted to be charged, consists in the contract itself, and not in the obtaining the making of the note. If a person represent a note to contain a particular sum, when, in truth, the amount is much greater, here would be a case contemplated by the statute; the note would be void not only between the maker and the payee, but also in the hands of every subsequent holder. That, however, is not the case here, for the plea admits a consideration, but denies a consideration to the extent of the face of the note, because of a deficiency in the quantity and quality of the articles sold, which it alleges were represented to be of full value. It will not be denied that the plaintiff was entitled to recover the value of the goods, even if he had stood in the place of the original payee, but being an innocent holder before the note became due, it is most clear that the matters of the plea would be no legal defence to the action. The issue, then, was a wholly immaterial one, and the verdict, on that ground, ought to be set aside. The Circuit Court ought to have sustained the demurrer; but it will be seen from the pleadings in the cause, when the demurrer to the plea was overruled, the plaintiff replied, and took issue on the plea. The question on the demurrer might probably not now be regularly before the Court for its decision, yet as the issue tried was one wholly immaterial to the question before the Circuit Court, this Court is bound to reverse the judgment, and to render a judgment for the plaintiff, notwithstanding the verdict of the Court below. (The rule is, that when the matter, be it never so well pleaded, could signify nothing, judgment may, in such cases, be given as by confession.(2))

The clerk of this Court will assess the damages on the note, which is the interest, and render a judgment for the debt and damages so computed, with the costs of this Court, and the Circuit Court of Adams county.

*Judgment reversed,* and final judgment rendered.

(1) R. L. 484 ; Gale's Stat. 527.
(2) 2 Ld. Raym. 924; 1 Stra. 394; 2 Doug. 749; authorities cited in 2 Petersdorff's Abridg.

*Note.* After the decision of the Court overruling the demurrer, if the defendant rejoins to the replication, and issue is taken thereon, it is a complete waiver of the demurrer. Beers *v.* Philips, Breese 19.

A plea of the general issue, the demurrer being undisposed of, is a waiver of the demurrer. Cobb *v.* Ingalls, Breese 180.

After issue taken on the facts contained in the declaration, it is sufficient for the plaintiff, by proof, to sustain the material averments contained therein. *Ante* 52. By pleading to the declaration, the defendant waives his demurrer. Buckmaster *v.* Grundy, decided Dec. term, 1836, *Post.*

It is not the duty of the Circuit Court, of its own motion, to set aside an immaterial issue. A motion to set aside such issue must be made in the court where the verdict is rendered. Burlingame *et al. v.* Turner, decided Dec. term, 1839, *Post.*