Adams v. Wooldridge.

GEORGE D. ADAMS, appellant, v. DAVID WOOLDRIDGE, appellee.

*Appeal from Menard.*

It is no defence to an action upon a promissory note, by the assignee against the maker, where the note was assigned before it became due, for a valuable consideration, without notice, that the consideration of the note, between the maker and payee, was a wager on the result of the presidential election.

The statute making promissory notes assignable, gives the maker but one defence to the note, when in the hands of a *bona fide* assignee, who received it before it became due, and that defence consists in showing that fraud or circumvention was used in obtaining the making or executing of the note.

The rule seems to be inflexible, that no defence shall be allowed against a *bona fide* holder of a promissory note, unless it is authorized by a statute declaring the contract void.

| | |
|---|---|
| 4 | 255 |
| 140 | 258 |
| 4 | 255 |
| 186 | ²330 |
| 4 | 255 |
| 88a | 15 |
| 4 | 255 |
| 92a | ²564 |
| 3s | 255 |
| 100a | ²229 |
| 100a | ²232 |
| 100a | ²236 |

THIS cause was heard in the Court below, before the Hon. Samuel H. Treat, at the November term, 1841, of the Menard Circuit Court. Judgment was rendered for the plaintiff for $87.98 damages, and the defendant appealed to this Court.

The facts in the case are fully stated in the opinion of the Court.

J. D. URQUHART and S. STRONG, for the appellant, relied upon the following points and authorities :

1. A wager contract is void at common law. 1 Kent's Com. 466–7 ; 2 Kent's Com. 365–6 ; 1 Comyn on Cont. 31–2 ; 11 Johns. 23 ; 12 Johns. 376 ; Chit. on Cont. 395, and authorities there referred to ; Allen v. Hearne, 1 Term R. 56.

2. A wager contract, like the present, is forbidden by the spirit of the act of the General Assembly of Illinois, passed at the session of 1838–9, against betting on elections. 1 Comyn on Cont. 34 ; 4 Dallas 269 ; Chit. on Cont. 513–14.

3. That a contract arising out of a wager on an election of a high public officer, being void in its creation, cannot become valid by assignment, though such assignment be made before said note is due and payable, and the assignee take the same for value, and without notice of the consideration. 7 Bac. Abr., title Statutes, letter I.

4. That the act of the General Assembly of Illinois, in relation to promissory notes, does not contemplate nor warrant the assignment of notes like the one in controversy, nor protect them when assigned, in the hands of the assignee. R. L. 482–3 ; Chit. on Bills 94, 547.

5. That it was competent for the defendant in the Court below, to insist on his right to show the consideration of said note, and the Court erred in arresting the evidence offered for that purpose on the trial.

Adams v. Wooldridge.

A. T. BLEDSOE and B. S. EDWARDS, for the appellee, cited 1 Harrison's Dig. 526 ; 1 Selwyn's N. P. 323 ; Chit. on Bills 109– 10, 115–16 ; 6 Wend. 615 *et seq.;* Gale's Stat. 525, § 6, 527 ; 1 Scam. 103, 583 ; Douglass 744.

TREAT, Justice, delivered the opinion of the Court: (1)
This was an action originally instituted by Wooldridge, the appellee, against Adams, the appellant, before a *justice of the peace* of Menard county.   The justice gave judgment for Wooldridge, and Adams prosecuted an appeal to the Circuit Court, where the cause was tried by a jury.    The bill of exceptions shows, that on the trial in the Circuit Court, Wooldridge, to sustain his action, read in evidence a promissory note, made by Adams on the 18th of January, 1841, by which he promised to pay, on or before the 10th of September thereafter, to one McCoy, the sum of $84, for value received; which note, on the 15th of February, 1841, was assigned by McCoy to one Taylor, by endorsement thereon in writing, for value received, and subsequently, and before the note became due, was assigned, in the same manner, by Taylor to Wooldridge.    Adams then called a witness, and offered to prove by him, that the note was given in consideration of a wager on the result of the late presidential election, made between Adams and McCoy, the payee, and for no other consideration; to the introduction of which testimony Wooldridge objected ; the Court sustained the objection, and the witness was not permitted to answer. The jury found for Wooldridge the amount of the note, and judgment was entered on the verdict.

To reverse this judgment Adams brings an appeal to this Court, and assigns for error, the decision of the Court in refusing to permit the evidence offered to go to the jury.

It is contended that the evidence was admissible, because it showed that the note was given on an illegal consideration, and therefore no recovery could be had upon it.    Without determining the question as to the validity of the note between the original parties, we proceed to enquire if a recovery can be had, when the action is brought on the note by a third person, to whom it was assigned before it became due, for a valuable consideration, and who had no notice of the consideration for which it was given.    The endorsements on the note show that it was assigned to Wooldridge before the day of payment, and for a valuable consideration, and the presumption follows, in the absence of any evidence to the contrary, that he had no notice of the original consideration. What then are the rights of Wooldridge?   Our statute (2) making promissory notes assignable, gives the maker but one defence

(1) WILSON, Chief Justice, was not present at the argument of this cause, and gave no opinion.
(2) R. L. 483; Gale's Stat. 526.

Adams v. Wooldridge.

to the note, when in the hands of a *bona fide* assignee, who received it before it became due, and that defence consists in showing that fraud or circumvention was used in obtaining the making or executing of the note."

The statute against gaming, (1) passed subsequently, declares all notes, &c., made or executed, where the consideration, in whole or part, is for any money, &c., won by gaming, or playing at cards or other games, void and of no effect, whether in the hands of the payee or assignee. These are the only defences the statute allows the maker of the note to interpose against a *bona fide* holder, who receives it by assignment before it becomes due. It is manifest, the evidence excluded did not tend to establish either of these defences.

It is said, however, that the "*Act to prohibit Betting on Elections*," passed February 15th, 1839, (2) renders a note founded on such consideration, void in whosoever hands it may be. That act makes any person who shall bet or wager any money, property, or valuable thing, on the result of any election held under the laws or Constitution of this State, liable to indictment and punishment, but does not declare a note or contract made on such consideration void. If that act is to be so construed, as to include in its provisions a wager on the presidential elections, it may result that a note given in consideration of such a wager, will be void in the hands of the payee, and an assignee receiving it after maturity, or before, where he had notice of the consideration. In England there were but two cases in which a note or bill was void, in the hands of an innocent holder, for a valuable consideration, and those were, where the consideration was for money won at play, or for an usurous debt; and those defences were based on statutes declaring the note or bill founded on such considerations absolutely void. And "the rule seems to be inflexible, that no defence shall be allowed against the *bona fide* holder, unless it is authorized by a statute declaring the contract void." (3) This rule is applicable to promissory notes made assignable by our statute, whenever the note is in the hands of a holder who has paid value for it, and received it by assignment, before the day of payment, without notice of the consideration.

With this limitation, the rights of the assignee against the maker, are the same as those of the holder of a bill of exchange, under the law merchant, or a promissory note, under the statute of Anne. If this view of the case be correct, the testimony sought to be introduced, constituted no defence, and was properly rejected.

The judgment of the Circuit Court is affirmed with costs.

*Judgment affirmed.*

A motion for a re-hearing was made in this case, and denied.

(1) R. L. 320; Gale's Stat. 321.    (2) Laws of 1838-9, 109.
(3) Chitty on Bills 116; 6 Wend. 615; 3 Kent's Com. 79.