## Vaclav Martina et al. v. Henry C. Muhlke.

1. JUDGMENTS—*Collateral Attack by Cross-bill.*—A judgment obtained at law can not be attacked in a cross-bill by a defendant in a proceeding to foreclose a trust deed simply because he has an equitable defense against the lien of the trust deed in process of foreclosure.

Foreclosure.—Error to the Superior Court of Cook County; the Hon. THEODORE BRENTANO, Judge, presiding. Heard in this court at the October term, 1899. Affirmed. Opinion filed February 26, 1900.

Statement.—The plaintiff in error, Vaclav Martina, borrowed from Theodore Schintz the sum of $3,000, and executed notes therefor and a mortgage upon his homestead to secure the same. After some payments upon the indebtedness, and one extension of payment of balance due, there was an agreement made between borrower and lender in June, 1897, to execute new notes and trust deed to secure payment of balance then remaining due, and for another extension of the time of payment for the period of five years. When the new notes and the new trust deed for the purpose of this last extension were executed by Martina, they were given to Schintz, who said that he would return the old notes and the old trust deed in a few days after the

recording of the new papers.   Schintz sold the new notes secured by the new trust deed to defendant in error Muhlke. A Mrs. Foote held the old notes secured by the old trust deed.   Schintz converted to his own use the proceeds of the sale of the new notes, and left the old notes unpaid in the hands of Mrs. Foote, constituting a valid first lien upon the property to the extent of the unpaid balance due thereon.

In December following June, 1897, Muhlke caused judgment to be entered upon the $1,200 principal note which he had bought from Schintz, and also upon one of the overdue interest coupons for $36, the note having a warrant of attorney attached and a provision for the entering of judgment.

Muhlke, the defendant in error, filed his bill here to foreclose the trust deed which was given to secure these notes, and by his amended bill he sought to obtain a foreclosure of the lien created by that trust deed to satisfy the judgment.

Martina, plaintiff in error, filed his cross-bill, setting up the foregoing facts, and seeking to have the notes and trust deed held by Muhlke canceled and the record of the trust deed "annulled and removed as a cloud upon the title" of Martina to the property in question, and also praying for a decree vacating the judgment which Muhlke had obtained on his notes upon the law side of the court.   The cause was referred to a master in chancery.   The master reported *inter alia*, findings and conclusions that the complainant, Henry C. Muhlke, was a *bona fide* purchaser, for value, of said promissory note for $1,200 before maturity, and as such, was entitled to the judgment in law upon said note; that the trust deed securing that note having been given without consideration, complainant took the same subject to all the defenses said cross-complainant could have opposed to a foreclosure of the same by Theodore H. Schintz; and recommended that a decree be entered dismissing complainant's bill of complaint for want of equity, ordering the cancellation of said trust deed, and denying any further relief under the cross-bill.

The court overruled the exceptions of plaintiff in error, and those of defendant in error, and entered a decree in accordance with the recommendation of the master.

To review that decree this writ of error is prosecuted.

JONES & LUSK, attorneys for plaintiffs in error.

PENCE, CARPENTER & HIGH, attorneys for defendant in error.

MR. PRESIDING JUSTICE SEARS delivered the opinion of the court.

Error is assigned by plaintiff in error, in that the court denied the relief prayed by the cross-bill, viz., the vacating of the judgment at law obtained by the defendant in error upon the principal and interest note in question. And cross-error is assigned by defendant in error in that the court denied the relief prayed by the amended bill of complaint, viz., the enforcement of the lien of the trust deed given to secure these notes, and in that the court ordered the trust deed to be canceled.

We are of opinion that the trial court was right, and that it did not err in either of these respects. It seems clear from the evidence that plaintiff in error dealt with Schintz as the lender of the money, and the mortgagee in the conveyance which secured the loan. As between them there was no equitable claim against plaintiff in error under the trust deed, and hence, under the rule, well established by many decisions of this State, defendant in error acquired no equitable rights when the mortgage notes were transferred to him. Olds v. Cummings, 31 Ill. 188; Walker v. Dement, 42 Ill. 272; Sumner v. Waugh, 56 Ill. 531; White v. Sutherland, 64 Ill. 181; Haskell v. Brown, 65 Ill. 29; Thompson v. Shoemaker, 68 Ill. 256; Towner v. McClellan, 110 Ill. 542; Himrod v. Gilman, 147 Ill. 293; McAuliff v. Reuter, 166 Ill. 500; Buehler v. McCormick, 169 Ill. 269.

But this rule has no application to the rights of defendant in error to a legal claim, quite independent of any lien

upon the premises in question, which legal claim was acquired by the defendant in error as purchaser of the notes for value and before maturity, and without notice of plaintiff in error's defense.    It can not be said that the execution of those notes was procured by fraud or covin in the sense that would make the notes invalid.    Plaintiff in error executed the notes with full knowledge of just what they were, and there was nothing in the execution of them which could operate to bring them within the rule which applies only to instruments, execution of which is obtained by fraud.    The fraud necessary to thus invalidate must be fraud in obtaining the execution of the instrument.    Woods v. Hynes, 2 Ill. 103; Mulford v. Shepard, Id. 583; Adams v. Woodbridge, 4 Ill. 255; Shipley v. Corroll, 45 Ill. 285; Depuy v. Schuyler, Id. 306; Richelieu H. Co. v. M. E. Co., 140 Ill. 248.

Nor can it be said as against defendant in error that these notes were not fully delivered.    Clarke v. Johnson, 54 Ill. 296.

Nothing was lacking in matter of execution or delivery. The default of Schintz was in failing to deliver the old notes and release of the old trust deed.    This failure operated to give plaintiff in error a complete defense to any obligation under the new notes as against Schintz, and in equity against enforcement of the lien of the mortgage by the purchaser from him, defendant in error.

But it constituted no defense in law against the obligation of the notes themselves in the hands of a *bona fide* purchaser, before maturity and without notice.

The judgment obtained at law could not be attacked in this proceeding simply because plaintiff in error had an equitable defense against the lien of the trust deed.    No other ground is disclosed for the intervention of equity in relation to the judgment.    Therefore the defendant in error was entitled to his judgment in law, and the court properly denied the prayer of the cross-bill to vacate it.

The argument of counsel for defendant in error, that the equities of plaintiff in error as against the obligation of

these notes did not exist when defendant in error bought them, but arose afterward when Schintz failed to return the old notes, and therefore that the doctrine of Olds v. Cummings, *supra*, does not apply, we regard as untenable. If Schintz was the money lender and the real mortgagee, then there was never any time when the equities of plaintiff in error did not exist as against the notes and the conveyance securing them, so far as Schintz was concerned—for there was never a time when the notes were enforceable in his hands. It follows that there was never any time at which he could have conveyed them to defendant in error so as to give the latter any equitable right to a lien under the mortgage.

The decree is affirmed.