## The People of the State of Illinois ex rel. June C. Smith, Defendant in Error, v. Albert D. Rodenberg, Plaintiff in Error.

1. PLEADING, § 380*—*necessity for joinder of issue.* Though as a general rule there must be an issue, either of law or fact, joined on the pleadings or default of the defendant entered of record, courts may avoid the use of unnecessary circumlocution and useless technicalities in arriving at inevitable results when such a course can be followed without abandoning rules of pleading and procedure necessary to protect the interests of one or more of the parties.

2. APPEAL AND ERROR, § 1830*—*effect of decision of Supreme Court as to matters which may be considered on remandment.* Where, in a proceeding in the nature of a quo warranto questioning the title of a city judge to office, a demurrer was sustained to replications setting up that the court was not legally established for the reason that the city was partly situated in two counties and on appeal from the order sustaining the demurrer the Supreme Court decided that the Constitution prohibited the establishment of the City Court for the reasons stated in the replications and remanded the cause with directions to overrule the demurrer, *held* that the action of the trial court, upon reinstatement of the cause in refusing respondent leave to file certain rejoinders to the effect that the city was not located in two counties, and in entering judgment of ouster against the respondent without further pleadings, was not error, for the reason that the rejoinders presented no defense in view of the decision of the Supreme Court.

3. EVIDENCE, § 9*—*judicial notice of location of cities with reference to counties.* Courts of this State will take judicial notice of the location of cities with reference to the counties in which they are situated.

4. MUNICIPAL CORPORATIONS, § 28*—*when right of city to extend its territory cannot be inquired into in collateral proceeding.* The question of the right of a city to extend its territory into another county cannot be inquired into in a collateral proceeding such as a proceeding by information in the nature of a quo warranto questioning the title to the office of city judge.

Error to the Circuit Court of Marion county; the Hon. ALBERT M. ROSE, Judge, presiding. Heard in this court at the October term, 1913. Affirmed. Opinion filed May 1, 1914.

*See Illinois Notes Digest, Vols. XI to XV and Cumulative Quarterly, same topic and section number.

BUNDY & WHAM, J. J. BUNDY, L. B. SKIPPER and C. F. DEW, for plaintiff in error.

SAMUEL N. FINN and NOLEMAN & SMITH, for defendant in error.

MR. JUSTICE HIGBEE delivered the opinion of the court.

This is a proceeding by information in the nature of a quo warranto, brought by the People of the State of Illinois at the relation of June C. Smith, defendant in error, against Albert D. Rodenberg, plaintiff in error, questioning the title of the plaintiff in error to exercise the office of judge of the City Court of Centralia, Illinois.

The amended information filed by the State's Attorney, pursuant to leave granted by the Circuit Court of Marion county, charged that for more than ninety days prior to the filing of the same, said Albert D. Rodenberg had unlawfully held and executed the office of judge of a pretended City Court for the city of Centralia, which office he, during all said time, had usurped and that he was still holding and executing the same without any warrant, title or right whatsoever. Plaintiff in error filed his answer setting up the establishment of a City Court by an election held in said city for that purpose and that he was thereafter elected to the office of judge of said court, took the prescribed oath of office on March 13, 1911, was duly commissioned by the governor of the State of Illinois as judge of said court and took upon himself the duties of said office. Defendant in error filed four replications to this plea, setting up that said city of Centralia, Illinois, lies partly in Marion county and partly in Clinton county and alleging that by reason of said city being in two counties its voters could not legally establish a City Court; that the act of the legislature in relation to the establishment of City Courts, in so far as it attempts to authorize such courts to exercise jurisdiction over territory lying partly in one county and

partly in another, is in violation of the Constitution of this State.

Plaintiff in error filed a general demurrer to these replications, which was sustained by the court, and defendant in error having chosen to abide by his replications, judgment was entered against it. An appeal was taken from that judgment to the Supreme Court, which held that the power conferred by the act in relation to City Courts could not be exercised in a city embracing parts of two counties; that as the city of Centralia was located in two counties the act could not be applied to it without infringing upon constitutional rights, and the judgment was reversed and the cause remanded to the Circuit Court with directions to overrule the demurrer. *People v. Rodenberg,* 254 Ill. 386. When the case was reinstated in the Circuit Court, defendant in error moved the court to overrule the demurrer and enter judgment for ouster on the replications. The court overruled the demurrer to the replications in accordance with the directions of the Supreme Court and plaintiff in error filed a cross motion asking leave to plead over and presented three rejoinders to be filed.

The first of the rejoinders presented denied that the city of Centralia was at the time of the establishment and organization of the court situated partly within the county of Marion and partly within the county of Clinton. The second alleges that the city of Centralia was organized under a special charter out of territory wholly lying within the county of Marion; that afterwards it became incorporated under the general laws of the State concerning cities and villages; that it continued to be a city of the county of Marion with its principal office and seat of government in said county; that the special charter contained no provision authorizing the extension of said city into the county of Clinton and that since said city has become incorporated under the general laws of the State it has had no power or authority to extend its territory into said

county of Clinton, nor to annex territory lying in said county. The third rejoinder alleged that after the establishment of said court, the city of Centralia provided a place for holding the same in said county of Marion and that its business has always been carried on and conducted in the county of Marion and not elsewhere; that it has not exercised its jurisdiction and authority or attempted to do so over territory lying in the county of Clinton; that jurors for attendance on said court have always been drawn and selected from the county of Marion and that the sheriff of Marion county has exercised authority over and served the writs and processes of said City Court and waited upon its deliberations, and the sheriff of Clinton county has never done so; that the State's Attorney of Marion county has also transacted the business of the people of the State before said court; that the court is existing and carrying on its business solely as a court of the city of Centralia in the county of Marion, and not of the county of Clinton. The last two rejoinders concluded with verifications.

Afterwards, the court without further pleadings and without any issue being joined or default entered against plaintiff in error for want of pleadings entered judgment of ouster against him and ordered him to pay the costs of suit. The record in the case was taken to the Supreme Court on writ of error by plaintiff in error, Rodenberg (259 Ill. 78), and has been transferred by that court to this court for our consideration.

It is urged by plaintiff in error that the judgment in this case should be reversed because the court refused the motion of plaintiff in error for leave to plead over and his offer to file the rejoinders in question; and also because the court rendered judgment of ouster against him when no issue was joined and there was no default against him on the pleadings. It is true, as a general rule, that before a final judgment can be entered there must be an issue, either of law or fact, joined on the

pleadings or default of the defendant entered of record. But there is a growing tendency on the part of courts to avoid the use of unnecessary circumlocution and useless technicalities in arriving at inevitable results when such a course can be followed without abandoning rules of pleading and procedure necessary to protect the interests of one or more of the parties.

Let us examine the pleadings in this case to see what question was presented. The petition alleged that plaintiff in error was unlawfully holding the office of judge of the City Court of Centralia and performing the duties of such judge. Plaintiff in error pleaded as a defense the claimed establishment of said court under the law, his election and qualification as judge of said court. Defendant in error replied that the city was located in two counties and that the establishment of a court in a city so located was not warranted by the Constitution. The Supreme Court decided that a City Court cannot, under the Constitution be legally established in a city lying in two counties in this State. This would seem to dispose of the right of the city of Centralia to establish the court and of the claim of plaintiff in error to the office. But plaintiff in error sought to rejoin, first, that the city of Centralia did not lie in two different counties; second, that the city as originally organized was located wholly within the county of Marion and that there was no authority for extending its territory into the county of Clinton and that it has never done so; third, that the seat of government of the city is located in Marion county, that the court holds its sessions and conducts its business and that the juries have been selected from said county, and that the sheriff and State's Attorney of said county perform the duties of such officers in said court.

The first rejoinder presents no defense because, notwithstanding the allegations contained therein, the court must take judicial notice in this suit of the fact that Centralia is located in two different counties. In

section 205 of the act in relation to cities, villages and towns, it is provided: "all courts in this State shall take judicial notice of cities, towns and villages and of the changes of their territory made under the provisions of this act." (J. & A. ¶ 1631.)

It is a well-settled rule of law that courts of the State will take judicial notice of the location of cities with reference to the counties in which they are situated. *Sullivan v. People,* 114 Ill. 24; *Sullivan v. People,* 122 Ill. 385; *Harding v. Strong,* 42 Ill. 148. The first two of the above cases were criminal cases and the last an ejectment case, and in cases such as these an accurate determination of the *locus* is always necessary. This rejoinder, therefore, did not present any matter which could call for an adjudication of the court. As to the second rejoinder, the question of the right of the city of Centralia to extend its territory into Clinton county cannot be inquired into in a collateral proceeding like this. *Ogle v. City of Belleville,* 238 Ill. 389. The fact that the business of the court in question was transacted in Marion county and that the sheriff and State's Attorney of that county performed the duties of such offices for said court, and that such officers in Clinton county have never performed such duties, could be of no avail to plaintiff in error in establishing his right to office in view of the decision of the Supreme Court, directly holding that the Constitution prohibited the establishment of the Centralia City Court. Had the rejoinders been permitted to be filed and the same demurred to by defendant in error, the demurrers must necessarily have been sustained by the court below, which would have involved another appeal and more delay in a suit where the claims of plaintiff in error have already been decided adversely to him by the Supreme Court, and where it is apparent no judgment could ever be entered in his favor.

In the case of *Woods v. Hynes,* 2 Ill. (1 Scam.) 103, where the trial court had overruled a demurrer, which

presented an immaterial issue, the Supreme Court said: "The Circuit Court ought to have sustained the demurrer; but it will be seen from the pleadings in the cause, when the demurrer to the plea was overruled, the plaintiff replied, and took issue on the plea. The question on the demurrer might probably not now be regularly before the court for its decision, yet as the issue tried was one wholly immaterial to the question before the Circuit Court, this court is bound to reverse the judgment, and to render a judgment for the plaintiff, notwithstanding the verdict of the court below. The rule is, that when the matter, be it never so well pleaded, could signify nothing, judgment may, in such cases, be given as by confession."

In *People v. Griesbach,* 211 Ill. 35, a suit in the nature of a quo warranto, the appeal involved the validity of a dramshop license, the question being whether a certain minor has power to bind his property by signing a frontage petition, and the Supreme Court determined he had no such power and remanded the cause generally. The case was afterwards reinstated and the defendant was permitted to file an additional plea, in which he averred that the petition for the dramshop license had been signed by the guardian of the minor. The Supreme Court on a second appeal said: "that we did not then (on the former appeal) enter a judgment of ouster or remand the case to the Circuit Court with directions to that· court to enter such judgment does not affect the question that this was a positive and unequivocal adjudication that appellant not having the valid consent of the owners of the necessary frontage, his license to keep a dram-shop was therefore invalid. Under such adjudication, although no specific directions were given the trial court, when the remanding order was filed and the case again docketed there was but one course for that court to pursue, and that was to give effect to the adjudication of this court that appellant's license was invalid and enter judgment of ouster against him. The Circuit Court was no more

justified in granting appellant leave to file additional pleas and hearing other evidence than it would have been if the order remanding the case had directed it to enter a judgment of ouster. If appellant's license was invalid, as held by this court, then no other judgment could properly be rendered, and it was erroneous for the trial court to again open up the case for the purpose of giving appellant an opportunity to present additional evidence upon a new theory of defense.'' *Griesbach v. People,* 226 Ill. 65.

In *Lusk v. City of Chicago,* 211 Ill. 183, it is said: ''To hold that in the trial of a cause the constitutionality of a law or the validity of an ordinance may be attacked upon one ground and an appeal prosecuted and a decision of a court of review had upon that question, and when the cause is remanded and again placed upon the docket the same statute or ordinance may be attacked upon another ground requiring another appeal to determine the validity of the same ordinance in the same proceeding, is a practice that cannot be permitted to obtain. Litigation would never end and a court would never know when it had settled the propositions in a single case.''

We conclude, from our consideration of the propositions here presented and the authorities relating thereto, that the court below did not err in refusing to permit plaintiff in error to file the rejoinders presented by him and in entering judgment of ouster against him upon the pleadings, and the judgment of that court will accordingly be affirmed.

*Judgment affirmed.*