### DAVID POWERS *v.* LEVI BALL.

*Promissory notes.*

It is no defense to an action upon a negotiable note in the name of a *bona fide* holder, to whom it was transferred before it was due, that the original consideration failed or was fraudulent.

ASSUMPSIT upon a promissory note payable, two years from date, to Amos Beckwith or bearer. Plea, the general issue; trial by jury, December Term, 1854,—POLAND, J. presiding.

The plaintiff produced the note, and proved its execution. The defendant then introduced evidence tending to prove that the note was given for the price of a piece of land sold and conveyed by a quit claim deed to the defendant by John Beckwith, who represented that the title to the same was good; but that the said Beckwith had no right or title whatever to the land.

The plaintiff then introduced evidence tending to prove that the note was purchased by him of John Beckwith, within two or three months after its date,—that he paid the full amount of said note therefor, and that he had no knowledge that there was any want of consideration or any defense to it. The court charged the jury that if the plaintiff purchased the note before it became due, and paid Beckwith the full amount of it, and had no knowledge of any want of consideration or of any defense to it, he would be entitled to recover, though Beckwith could not have recovered upon it, and though it was obtained by false and fraudulent representations, made by Beckwith to the defendant. Verdict for the plaintiff. Exceptions by the defendant.

*T. Bartlett, Jr.* for the defendant.

*G. C. Cahoon* and *H. S. Bartlett* for the plaintiff.

The opinion of the court was delivered by

REDFIELD, CH. J. The only question made in the present case is whether the *bona fide* holder of a promissory note for value, negotiated before due, is liable to be defeated, in a suit upon the note, by showing that the consideration of the note was fraudulent between the original parties. It is laid down in Story on Bills of Exchange § 188, " that the partial or total failure of consideration,

or even fraud between the antecedent, parties will be no defense or bar to the title of a *bona fide* holder." The same rule is laid down in Chit. on Bills, ch. 3, p. 78–79. In Bailey on Bills, 499, 500, numerous English cases are cited in confirmation of the rule. And if any rule of law in regard to negotiable paper is well established, it is that a *bona fide* holder for value will be able to shut out all defenses, except certain statutory ones where the paper in its inception is declared absolutely void, as notes or bills given upon gambling and usurious considerations. And illegality, duress, fraud, and want or failure of consideration are no defenses as against a *bona fide* holder for value. In Smith's Mercantile Law, 320, it is said that the defenses of duress, fraud, &c., will not prevail against a *bona fide* holder. We think the rule must be regarded as altogether settled.

Judgment affirmed.