### WILLIAM R. KINYON

*vs.*

### GEORGE H. WOHLFORD.

The fact that there has been no delivery of a promissory note to any person by or on behalf of the maker, furnishes no defence to such note in the hands of a *bona fide* holder for value, without notice, who has received the same before its maturity.

Action on a promissory note, brought in the district court for Steele county, resulting in a verdict for the defendant. Plaintiff moved for a new trial, which was denied, and he appeals to this court from the order denying such new trial. A single point only is discussed in the appeal, which is fully stated in the opinion.

WHEELOCK & COGGSWELL, for Appellant.

GORDON E. COLE, for Respondent.

*By the Court.*—BERRY, J.—This is an action upon a promissory note payable by its terms to C. W. Stevens, or bearer, and signed by the defendant.

There was plenary evidence showing that the plaintiff is a *bona fide* holder of the note, having purchased the same before maturity in good faith, without notice and for value.

The only defence urged here is that there was no *delivery*

of the note to any person by or on behalf of the defendant; that for want of *delivery* it is not the *note* of defendant, and he is not liable thereon even to a *bona fide* holder. " A *bona fide* holder for value, without notice, is entitled to recover upon any negotiable instrument which he has received before it has become due, notwithstanding any defect or infirmity in the title of the person from whom he derived it; as, for example, even though such person may have acquired it by fraud, or even by theft, or by robbery." *Story on Prom. Notes*, § 191; 2 *Gr. Ev.* § 171; *Swift vs. Tyson*, 16 *Pet.*, 1; *Goodman vs. Symonds*, 20, *Howard* 365; *Raphael vs. Bank of England*, 17. *C. B.* 162; *Wheeler vs. Guild*, 20 *Pick.* 545; *Magee vs. Badger*, 34 *N. Y.* 249; *Powers vs. Ball*, 27 *Vt.*, 662; *Catlin vs. Hamon*, 1 *Duer* 325; *Gould vs. Seger*, 5 *Duer* 268; *Marston vs. Allen*, 8 *Mees. & Welsby* 494; *Sm. Lea. Ca.* [597] *et. seq.*; 1 *Ross Lead. Cases* 205, *et. seq.*

The fact that there has been no delivery of the instrument by or for the maker, or by or for an indorser through whom the holder must claim, is a defect or infirmity of title within the meaning of the rule above cited, a rule which is said to be laid up among the fundamentals of the law. *Worcester County Bank vs. Dorchester and Melton Bank*, 10 *Cushing* 488; *Edwards on Bills & Notes* 188; *Gould vs. Seger, supra*; *Ingham vs. Primrose*, 7. *C. B.* (*N. S.*) 82; *Shippey vs. Carrol*, 45 *Ill.* 285; *Clark vs. Johnson*, 52 *Ill.*

The order denying a new trial must be reversed.