Hatch, J. (dissenting).
I am unable to agree with the reasoning and conclusion of the learned chief judge in this case, for the following reasons:
When it appeared that the whole amount of capital stock of the company had not been paid in, and that no certificate stating the amount of the capital stock, as fixed, or any part thereof, had been paid in, was ever made, filed or recorded, as required by law, it followed, as matter of law, that, for all debts and liabilities created by the company, the stockholders, and each of them, became, jointly and severally, personally liable to the creditors of the corporation in an amount equal to the amount of stock held by each, of them respectively. This liability is not the creation of the statute. It rests for its basic ground upon contract, which contract was that if the stock was not paid in, and the certificate filed, then the stockholder would be liable for the debt, as a result of his connection with the company. Corning v. McCullough, 1 N. Y., 58, 76; Rogers v. Decker, 131 N. Y., 492; 43 St. Rep., 781. The only effect of the statute, in such case, is to define and limit the contract, or, in other words, fix the liability. Story v. Furman, 25 N. Y., 223. It becomes and is a part of the contract Cochran v. Wiechers, 119 N. Y., 402; 29 St. Rep., 388. This result is only true of stockholders who are such at the time when the debt is contracted, but such fact is conclusively evidenced when the stockholder’s name appears upon the books of the corporation as a stockholder, even though he may have parted with title to his stock. Johnson v. Underhill, 52 N. Y., 203. These rules have an important bearing upon the present contention. When the notes in suit were executed there is no dispute but that -defendant was a stockholder appearing upon the books of the corporation, and not only was he a stockholder, but an officer. Thus, in a double sense, was proof of his ownership of stock established. His name appeared upon the books as such, and his office guaranteed the fact, as such officer was required to be a stockholder. The notes were not in fact delivered upon the day of their execution and date, January 2, 1892, but remained in the custody of the corporation’s officers until February 27,1892, when they were sold for cash, and thereafter, before maturity, transferred to plaintiff, who became, and. is, a Iona fide holder thereof. Defendant continued in ownership of his stock until January 28, 1892, when he sold fifty-five shares, and on 20th February following sold one share. This constituted his entire holding at the time the notes were executed. The transfers were made in good faith, and entered upon the books of the company. *334 It is thus clear that, when the notes were dated and executed, defendant was a stockholder, and when delivered he was not. The trial court admitted evidence, over defendant’s objection and exception, showing when the notes were in fact delivered to the purchaser. It is true, as contended for by defendant, that until delivery of the notes no debt existed, but it does not follow from such fact that defendant is thereby relieved from liability. It is doubtless true that when the purchaser of these notes took them she was chargeable with notice of the date of inception; and consequently, in her hands, no liability existed against defendant in her favor. But plaintiff’s position is not hers. He was and is a bona fide holder for value, and as such is entitled to every benefit which attaches to such person under the law governing commercial paper; and, as we have seen, defendant’s liability resting upon contract, he is subject to such rule. When plaintiff took this paper he was without information respecting the time of its actual delivery, beyond what appeared upon the paper itself. This disclosed that it was made and executed, and presumptively delivered, upon the 2d day of January, and such was the character of the contract which he had a right to suppose existed. Such was the character of the contract he purchased. And I know of no rule of law which will permit a person chargeable with the creation of such an instrument to thereafter, for the purpose of escaping liability, change either the form of the contract itself, or the extrinsic fact of its inception, when, from its face, the law presumes the date of such inception. That this presumption arose has been decided. In Powell v. Waters, 8 Cow., 687, it is said : “ A note has no binding force or legal inception, nor constitutes any contract, until delivered, and in the hands of a bona fide holder. It acquires the form of a contract from the delivery, and not, ab initio, from the execution of it. But when delivered it takes effect from its date, and, for all substantial purposes, becomes a binding contract upon the maker, aL initio.”
That the date of the instrument is presumptively the date of its delivery is decided in Cowing v. Altman, 71 N. Y., 435. It is true in that case proof was permitted to show the actual date of delivery, but this proof was to enable a bona fide holder to recover upon it; a very different proposition from allowing proof of like character to defeat an instrument in all respects perfect in the hands of a bona fide holder. See, also, Sanford v. Mickles, 4 Johns., 224; Northampton Nat. Bank v. Kidder, 106 N. Y., 221; 8 St. Rep., 621. In the latter case, recovery was permitted, in the hands of a bona fide holder, upon negotiable paper stolen from the maker. In Kinyon v. Wohlford, 17 Minn., 239 (Gil., 215), proof of nondelivery of the paper was attempted to be shown. The court refused it, as against a bona fide holder. Upon the face of the notes, in the present case, there was nothing to put plaintiff upon inquiry. When he received them, if he had made inquiry to find who was responsible, and gone to the books of the company, he would have found, looking at the date of the notes, that defendant was a stockholder at that time, and not only a stock *335 holder, but an officer. If he had pursued his inquiries, he would have found that defendant had disposed of his stock, and also ceased to be an officer, but this would convey nothing to plaintiff’s mind affecting the security. It would simply show that defendant was not then a stockholder, but that he was upon the date of the notes, and consequently liable as such, in accordance with the terms of the contract. It might well be that such examination would disclose that defendant, in fact, was the only person of responsibility behind the notes. Could it then be said, with justice, that defendant could show a different time of delivery, to defeat the notes, when plaintiff purchased upon his sole responsibility, and prima facie the instruments showed he was then liable as a stockholder ? A rule that would work such result ought not to be tolerated, and I find no case or principle which upholds it. The fact that the notes were consolidated in one note after defendant in fact ceased to be a stockholder does not change the result. No new indebtedness was thereby created. Payment of the original note was simply extended. Iron Co. v. Walker, 76 N. Y., 521. The defendant having signed the notes as an officer of the company, thereby, as we have seen, certified to the fact that at the time he was a stockholder. This was a fact upon which a purchaser might safely rely. As defendant, by his act, misled, or may have misled, the plaintiff, upon plain principles he should not now be heard in denial of a fact to plaintiff's prejudice. Moss v. Averell, 10 N. Y., 459 ; Brown v. Torrey, 42 N. Y. Supr., 1; Perkins v. Hatch, 4 Hun, 137. I see no distinction, in principle, between the enforcement of the doctrine of estoppel, where the irregularity of incorporation is sought to be shown, or the invalidity of a corporate act for lack of power, and where the officer, possessing the power, seeks to defeat the liability arising from its exercise by proof of facts extrinsic of what the contract purports upon its face to be. If these views are correct, it follows that the exceptions should be sustained, and the motion for a new trial granted; costs to abide event.
Exceptions overruled and judgment ordered for defendant, with costs.