HELEN W. PRATT *vs.* HENRY L. HIGGINSON & others.

Suffolk.  March 13, 1918. — May 24, 1918.

Present: RUGG, C. J., BRALEY, DE COURCY, & PIERCE, JJ.

*Bills and Notes,* Negotiable bonds. *Stockbroker. Conversion. Words,* "Convertible."

A stockbroker, who in good faith and without any knowledge or notice of an infirmity in the title of his customer, sells for such customer a bond of the United States of America payable to bearer, deducts a customary commission therefor and the amount of a stamp which necessarily was affixed and pays the balance of the sale price to his customer, is not liable in an action of tort for conversion to the owner of the bond, from whom it has been stolen and given to the stockbroker's customer to be sold.

The same rule applies to a sale by the stockbroker under the same circumstances of a bond of the American Telephone and Telegraph Company, payable to a bank as trustee or to bearer and convertible at maturity at the owner's option into capital stock of the company, such a bond under R. L. c. 73, § 22, cl. 4, being a negotiable instrument.

TORT against a firm of bankers and stockbrokers for the alleged conversion of two bonds, described in the opinion, sold by the defendants for one Small who had received them from one Bassett, who had stolen them from the plaintiff.  Writ dated January 12, 1916.

In the Superior Court, the action was submitted to *Hammond,* J., without a jury, upon a case stated, and was reported to this court for determination upon the pleadings and the case stated.

*G. W. Abele,* for the plaintiff.

*A. A. Schaefer,* for the defendants.

BRALEY, J.  The plaintiff, the owner of a four per cent coupon bond of the United States of the par value of $1,000 payable to bearer, and of a four per cent convertible gold bond of the American Telephone and Telegraph Company of the par value of $1,000 payable to the Old Colony Trust Company, trustee, or to bearer, deposited the bonds in a safe deposit box from which they were purloined by one Bassett, who passed them over to one Small for the purpose of having them sold.  The bonds were delivered by Small to the defendants, a firm of bankers and brokers, by whom

they were sold in the ordinary course of business, and who after deducting the customary commission and the stamp tax, remitted the balance to Small, who after taking out his compensation, paid the remainder to Bassett. The plaintiff upon discovery notified the defendants of the theft and then brought this action to recover the value of the bonds. It is agreed by the parties that neither the defendants nor their employees at the time of the transaction had any knowledge that Small was not the rightful owner or lawfully in possession of the securities. The question for decision therefore is, whether the defendants, who received and sold the bonds and accounted for the proceeds to the apparent owner without notice of any infirmity in the title or of any circumstances which should have put them upon inquiry, can be held responsible in damages by the true owner for conversion.

The defendants undoubtedly exercised dominion over the bonds by converting them into money. If the property had consisted of chattels or non-negotiable documents, of which certificates of stock are an example, the plaintiff's title would not have been divested by a sale even to a purchaser for value and in good faith. *Scollans* v. *Rollins*, 173 Mass. 275, 278, and cases there collected. But to this rule there is a well recognized exception where the property consists of negotiable securities. *Heckle* v. *Lurvey*, 101 Mass. 344, 345. *Spooner* v. *Holmes*, 102 Mass. 503, 507. *O'Herron* v. *Gray*, 168 Mass. 573, 575, 576. It is settled by *Spooner* v. *Holmes*, that an action for the conversion of interest coupons of United States bonds payable to bearer cannot be maintained by the owner from whom they were stolen where the defendant in good faith and without gross negligence and without any notice from the plaintiff, received them as an agent in exchange from a party to the theft and paid the proceeds to his employer, receiving no benefit himself. The grounds of the decision are that, being negotiable promises for the payment of money, issued by the government and payable to bearer, the title passed by delivery and the coupons were "subject to the same rules as bank bills or other negotiable instruments payable in money to bearer." The rule also applies to coupons attached to State and town bonds for different instalments of interest when severed from the bonds. *Hartman* v. *Greenhow*, 102 U. S. 672. *Koshkonong* v. *Burton*, 104 U. S. 668. See 10 Cyc. 1172, note 42. If the coupons are negotiable promises

to pay, the bond itself is in the same classification. *Gibson* v. *Lenhart,* 101 Penn. St. 522. As said by Mr. Justice Field in *Clark* v. *Iowa City,* 20 Wall. 583, "Coupons, when severed from the bonds to which they were originally attached, are in legal effect equivalent to separate bonds for the different instalments of interest."

The plaintiff in avoidance presses the argument that because the defendants received compensation they cannot escape responsibility. If profit is derived, this fact may have an important bearing, and in some cases may be found to be decisive of the recipient's good faith. *Allen* v. *Puritan Trust Co.* 211 Mass. 409. But the true test is not whether compensation is received for the act which works the conversion, or whether it was gratuitous. It is whether the transaction was entered upon in ignorance of the bearer's want of title or of any circumstances sufficient to put a reasonably cautious and prudent man upon inquiry, the ignoring of which amounts to proof of bad faith. *Hinckley* v. *Union Pacific Railroad,* 129 Mass. 52, 57. *Allen* v. *Puritan Trust Co. ubi supra. Fillebrown* v. *Hayward,* 190 Mass. 472, 479, 480. The case of *Varney* v. *Curtis,* 213 Mass. 309, is very plainly distinguishable. The pledgee was found by the trial judge and held by this court to have taken the coupon bonds with notice of the plaintiff's title, and consequently he was not a purchaser in good faith.

If however what has been said is decisive against the plaintiff's right of recovery for the sale of the government bond, she further contends that the telegraph and telephone bond is not within the rule. It is said in *Dexter* v. *Phillips,* 121 Mass. 178, 183, "In this country, it is well settled, that bonds issued by a railroad corporation payable to order or bearer, are negotiable instruments." We fail to discover any well grounded distinction as to negotiability between a railroad bond payable to order or bearer and the bond in question. A private corporation may make and issue promissory notes, and in the absence of an inhibiting statute has the power to issue negotiable bonds for the payment of money. *Commonwealth* v. *Smith,* 10 Allen, 448. *Union Cattle Co.* v. *International Trust Co.* 149 Mass. 492. *Manufacturing Co.* v. *Bradley,* 105 U. S. 175. *Dickerman* v. *Northern Trust Co.* 176 U. S. 181. The telegraph and telephone company is also a corporation charged with duties and obligations to the public, whose bonds like those of railroad companies are generally purchased and held as invest-

ments, and are bought and sold in the market under the same conditions as to transfer and delivery. The provision shown by the word "convertible," that the holder at maturity will receive the face of the bond in money, or at his option an equivalent in stock of the corporation, does not destroy negotiability. It is a negotiable instrument within the meaning of R. L. c. 73, § 22, cl. 4; § 18, and possesses the essential attributes of commercial paper, for the conversion of which the defendants on the record cannot be charged. *Union Cattle Co.* v. *International Trust Co.* 149 Mass. 492. *Evertson* v. *National Bank of Newport,* 66 N. Y. 14. *American National Bank* v. *American Wood Paper Co.* 19 R. I. 149. *Hotchkiss* v. *National Banks,* 21 Wall. 354. *Cromwell* v. *County of Sac,* 94 U. S. 351, 362.

We are accordingly of opinion that judgment should be entered for the defendants, and it is

*So ordered.*