SIDNEY STEVENS *vs.* BERKSHIRE STREET RAILWAY COMPANY.

Suffolk.   November 19, 1923. — January 7, 1924.

Present: RUGG, C.J., BRALEY, CROSBY, PIERCE, & CARROLL, JJ.

*Bills and Notes,* Coupon bond. *Pleading, Civil,* Answer. *Evidence,* Presumptions and burden of proof.

A bond of a street railway corporation payable to bearer is a negotiable instrument.

It is not necessary for the holder of a bond of a street railway corporation, payable to bearer and secured by a mortgage to a trust company of all the property, privileges and franchises of the street railway company, to make a presentment of the bond to the trust company nor a demand for its payment before the bringing of an action upon the bond against the street railway company.

In an action upon the bond above described, the answer was a general denial only. It appeared from a copy of the bond annexed to the declaration that it provided that it should be valid only when the trust company, which was the mortgagee, had indorsed thereon a certificate that it was one of the bonds in the indenture specified as secured by the mortgage. The defendant contended that the plaintiff could not recover unless he introduced evidence of the genuineness of the signature of the trust company. *Held,* that such defence was not open without a specific denial of the signature of the trust company.

At the trial of the action above described, the defendant also contended that a verdict should be ordered in its favor because the plaintiff had introduced no evidence that the defendant had obtained the approval of the board of railroad commissioners as required by R. L. c. 109, § 24, at the time when the bond was issued, but it was *held,* that such defence was not open unless it was specifically set up in the answer.

CONTRACT, by the holder and owner of a $1,000 bond of the defendant. Writ dated August 15, 1922.

In the Superior Court, the action was heard by *Weed,* J., without a jury. The judge found and ruled as follows:

" At the trial the plaintiff introduced in evidence the bond and testimony of the plaintiff that he purchased the bond in 1906 from a broker, paying as purchase price more than the par value; that the bond was not paid at maturity nor has it been paid in whole or in part since maturity, and that he did not at maturity nor since present the bond at the Girard Trust Company and demand payment; and rested. No other evidence was offered by either party, but under Rule 37 the defendant admitted that Ralph D. Gillett and Arthur W. Eaton were on June 2, 1902, respectively president and treasurer of the defendant and as such duly authorized by the defendant to execute the bond.

" The defendant contended that the plaintiff is not entitled to recover, for the reasons that the plaintiff did not offer evidence that the certificate of the Girard Trust Company indorsed on said bond was duly executed by said company, that the bond was presented for payment to the Girard Trust Company on June 1, 1922, or at any time, that the issue of the bond was ever approved by the board of railroad commissioners as provided in R. L. c. 109, § 24, and what the terms of the indenture of first mortgage mentioned in the bond are.

" I rule as a matter of law that upon the evidence submitted the plaintiff is entitled to recover with interest from the date of the writ, and I find for the plaintiff in the sum of $1,037.50. "

The defendant alleged exceptions.

*A. W. Blackman,* for the defendant.

*H. P. Mason,* for the plaintiff.

BRALEY, J.   The judge was warranted on the record in finding that the plaintiff was the holder and owner of a first mortgage five per cent gold coupon bond for $1,000, payable to bearer, or if registered to the holder, issued by the defendant, and signed respectively by its president and treasurer, a copy of which is annexed to the declaration.   G. L. c. 231, § 29.   It was a negotiable instrument.  *Dexter* v. *Phillips,* 121 Mass. 178, 183.   *Pratt* v. *Higginson,* 230 Mass. 256, 258, 259.

Neither a presentment of the bond to the trust company named in the instrument — which held as trustee a first mortgage on all the property, privileges and franchises of the defendant to secure bondholders, and at whose office and place of business it was made payable — nor demand for payment was necessary before bringing suit.   The defendant is the primary and only promisor, and the action itself is a sufficient demand.   G. L. c. 107, §§ 23, 93.   *Goodfellow* v. *Farnham,* 239 Mass. 590, 591.

The bond has attached to it a " Trustee's Certificate," purporting to be signed by the trust company, stating that " It is hereby certified that the within bond is one of the bonds specified in the within indenture of mortgage as secured thereby."   The bond having provided that it " is valid only when the Girard Trust Company has indorsed hereon a certificate that it is one of the bonds in the said indenture specified as thereby secured," the defendant's first contention is that the plaintiff cannot recover because he introduced no evidence of the genuineness of the signature of the trustee.   But the answer is a general denial, and, the defendant having made no specific denial of the genuineness of the signature of the trust company, with a demand that it should be proved at the trial, this defence is not open. G. L. c. 231, § 29.   *Lowell* v. *Bickford,* 201 Mass. 543.

*Whiddon* v. *Sprague,* 203 Mass. 526. *Dean* v. *Vice,* 234 Mass. 13. *Levison* v. *Lavalle,* 243 Mass. 47.

The defendant's final contention is that a street railway company organized under the laws of this Commonwealth could not at the date of the bond, June 2, 1902, mortgage its franchise or property and issue bonds thus secured without the approval of the board of railroad commissioners as provided in R. L. c. 109, § 24, and that the plaintiff having failed to introduce any evidence that, the defendant had obtained the approval of the board, the judge should have ruled as requested, that the action could not be maintained. The bond which the plaintiff bought was issued and sold by the defendant, and the proceeds were received under the terms of the mortgage. A contract is presumed to be legal until the contrary is shown, and the affirmative defence of its illegality is unavailable unless pleaded in the answer, which has not been done in the present case. *Granger* v. *Ilsley,* 2 Gray, 521. *Suit* v. *Woodhall,* 116 Mass. 547, 549. *Whittingslow* v. *Thomas,* 237 Mass. 103, 105.

We find no error of law in the rulings at the trial and the exceptions must be overruled.

*So ordered.*