### C. B. ENSIGN & COMPANY *vs.* JOHN J. FORREST.

Essex.　November 14, 1924. — February 24, 1925.

Present: RUGG, C.J., BRALEY, PIERCE, CARROLL, & WAIT, JJ.

*Bills and Notes*, Holder in due course, Recovery by indorsee against maker of promissory notes taken from him without his consent.

Under G. L. c. 107, § 38, an indorsee of a negotiable promissory note, complete in form, who is a holder in due course, is entitled to recover thereon even if the note was stolen from the maker before he delivered it.

CONTRACT by the indorsee of two promissory notes of which the defendant was the maker and Partin Manufacturing Company, Incorporated, was the payee. Writ dated March 25, 1918.

In the Superior Court, the action was tried before *Dubuque,* J. Material evidence and portions of the charge to the jury are described in the opinion. At the close of the charge, the plaintiff alleged an exception "to that portion of the charge in which" the judge "stated that if the jury find the notes were stolen no recovery can be had, even in the hands of a *bona fide* holder for value." The judge, however, stated, "I shall leave it as it is." The jury found for the defendant. The plaintiff alleged exceptions.

The case was submitted on briefs.

*H. A. Cregg & M. A. Cregg,* for the plaintiff.

*J. J. Sullivan,* for the defendant.

CARROLL, J.   This is an action by the indorsee against the maker of two promissory notes payable to the order of Partin Manufacturing Company, Incorporated.   There was evidence that the plaintiff received the notes before their maturity without notice of any infirmity, paid value for them, and was a holder in due course.   The defendant testified that the notes were in his possession when an agent of the Partin Manufacturing Company called on him and asked to see them; that the notes were signed by the defendant; that during his absence the agent took the notes; that after the agent had departed the defendant discovered the notes were gone; that he did not intend to deliver them, and they were not delivered.   The trial judge instructed the jury, in substance, that the plaintiff could recover if he was a holder in due course, even if the defendant never delivered the notes; and that the question of delivery was not important if the plaintiff was a holder in due course. But in the course of his instructions he said: "If, on the other hand, you are satisfied that what Mr. Forrest tells you is true, and that the notes were taken by somebody, by a woman who came there and took them away — of course, if the notes were stolen, even a holder in due course cannot recover."   This instruction was excepted to by the plaintiff.

Before the enactment of the negotiable instrument act (G. L. c. 107), it was decided in some jurisdictions that a *bona fide* holder could recover against the maker, although the instrument had never been delivered by the maker, and it had been stolen from him.   *Massachusetts National Bank* v. *Snow*, 187 Mass. 159.   *Worcester County Bank* v. *Dorchester & Milton Bank*, 10 Cush. 488.   *Kinyon* v. *Wohlford*, 17 Minn. 239.   *Clarke* v. *Johnson*, 54 Ill. 296.   *Shipley* v. *Carroll*, 45 Ill. 285.

In other jurisdictions it has been held that lack of delivery by the maker is a good defence against a *bona fide* holder for value.   *Sheffer* v. *Fleischer*, 158 Mich. 270.   *Salley* v. *Terrill*, 95 Maine, 553.   *Dodd* v. *Dunne*, 71 Wis. 578.

G. L. c. 107, § 38, provides, "where the instrument is in the hands of a holder in due course a valid delivery thereof by all parties prior to him so as to make them liable

to him is conclusively presumed." So far as we have been able to find, the decisions of the courts on this section of the statute are in accord, in favor of the innocent purchaser, and hold that want of delivery is not a defence against the holder in due course, even if the instrument is stolen from the maker. In *Buzzell* v. *Tobin,* 201 Mass. 1, 2, it was said: "But the check was in the hands of the plaintiff as a holder in due course, and as to him a valid delivery by the defendant was conclusively presumed, even if this defense would have been open as between the original parties." See *Massachusetts National Bank* v. *Snow, supra; Newbern* v. *National Bank of Barnesville, Ohio,* 148 C. C. A. 111; *Angus* v. *Downs,* 85 Wash. 75; *Montvale* v. *People's Bank,* 45 Vroom, 464; *Linbarger* v. *Board of Education,* 54 Vroom, 446.

The recent case of *Manker* v. *American Savings Bank & Trust Co.* 131 Wash. 430 is not in conflict. In that case the stolen municipal bonds were payable only from a particular fund therein designated.

Even if the notes were stolen from the defendant, if the plaintiff was a holder in due course he could recover; and although the instructions to the jury were adequate and accurate in all other respects, we think that the plaintiff may have been prejudiced by this particular instruction. The jury may have found that the notes were stolen from the defendant; and they may have found in favor of the defendant for this reason. Because of this error in the instructions, the plaintiff's exceptions are sustained.

*So ordered.*