L. R. STRICKER v. BUNCOMBE COUNTY AND ROBERT C. COLLINS, TAX COLLECTOR FOR BUNCOMBE COUNTY.

(Filed 10 January, 1934.)

**Bills and Notes C e—Bona fide purchaser of negotiable instrument obtains good title although the instrument had been stolen from former owner.**

The bona fide purchaser of an unregistered municipal bond, negotiable by delivery, the purchase being made for value, without notice, and before maturity from a reputable dealer also without notice, obtains good title thereto although the bond had been stolen from the former owner.

APPEAL by defendants from *McElroy, J.,* at October Term, 1933, of BUNCOMBE. Affirmed.

Controversy without action upon agreed facts.

In Buncombe County taxes were levied against the property of the plaintiff for 1929 in the sum of $416.81 and for 1930 in the sum of $399.60, and were not paid. In consequence certain real estate owned by the plaintiff was sold and the county became the bidder. The plaintiff owned a Buncombe County road and bridge bond. By virtue of Public Laws, 1933, chapter 280, the following sums are payable in bonds of the character and type of that owned by the plaintiff: of the taxes assessed in 1929 the sum of $127.22 and of the taxes assessed in 1930 the sum of $105.26. Prior to 1 July, 1933, the plaintiff made tender of one-half the delinquent taxes above shown, in cash, and in offering to pay the balance thereof he requested that he be allowed to pay the sum of $127.22 of the taxes levied for 1929, and the sum of $105.26 upon the taxes levied for 1930 out of the proceeds of the bond.

The plaintiff purchased for value in due course, from a reputable dealer in municipal bonds, and owned, as above stated, a certain Buncombe County road and bridge bond, of the face value of $1,000, with certain unpaid interest coupons attached. At the time he purchased said bond he had no notice of any defect in title, or any other irregularity with respect to said bond and purchased it for the purpose of using the proceeds thereof in part payment of his own taxes, as authorized by chapter 280 of the Public Laws of 1933, and for the further purpose of selling and assigning any remainder thereof to other persons who desired to acquire bonds, to be applied in payment of taxes, as authorized by said chapter 280.

The bond is payable to "bearer," is negotiable by delivery, and is not registered. The board of county commissioners of Buncombe County, received a warning and notice not to pay said bond, together with other bonds, and by reason of said notice and warning, the defendants declined and refused to accept said bond, or any portion thereof, either principal or interest to be applied on the plaintiff's taxes, or upon those of any other delinquent taxpayer; but said bond would have been accepted for said purpose, or purposes, had not said notice and warning been given, as aforesaid.

The defendants, through their duly authorized attorney, have attempted to communicate with the parties giving said notice and warning, and did forward to the address of said parties notice advising that said bond had been tendered these defendants, and these defendants have received no further notice with respect thereto, but they still decline to accept said bond without a proper adjudication of the court authorizing them to do so.

For the purposes of this action it is agreed that the said bond in question was stolen, together with other securities, from Lillian Van Ostrand, in Hollywood, California, a former owner thereof, but that the plaintiff in this action had no knowledge that said bond had been stolen, and that he paid the full market value of said bond, and purchased the same from a reputable dealer in bonds and securities, who also had no notice that said bond had ever been stolen. It is further agreed that the principal of said bond will not be due until 1 April, 1944.

Upon the foregoing facts the trial court adjudged that the plaintiff may negotiate the bond or apply it in the payment of taxes as if it had not been stolen.

The defendants excepted and appealed.

*Clinton K. Hughes for appellants.*
*J. E. Swain for appellee.*

ADAMS, J. It is elementary law that one who finds a lost chattel, although it has not been abandoned, is entitled to possession against all persons except the true owner. With respect to the loser the title is unaffected by the mere incident of loss and he may reclaim his property from the finder.

To this rule there is a generally recognized exception if the property consists of negotiable securities. Although the thief or finder of a negotiable instrument can acquire no title against the real owner, still, if the instrument be endorsed in blank or be made payable to bearer, a third party acquiring it from the thief or finder, bona fide, for a valuable consideration, before maturity and without notice of the loss, may retain it as against the true owner upon whom the loss falls. Calvert's Daniel on Negotiable Instruments (7th ed.), section 1731.

To a large extent negotiable securities take the place of money. "It would be most embarrassing therefore," it is said, "if every taker of such paper was bound, at his peril, to inquire into the title of the holder, and if he was obliged to take it with all the imperfections and subject to all the defenses which attach to it in the hands of the holder. It has, therefore, become the settled rule that a thief or any other person having possession of such paper fair upon its face can give a holder in due course a good title to it against all the parties thereto as well as the true owner. It may be taken to be the well settled rule of law that the transfer of stolen commercial paper, negotiable by delivery, to a bona fide purchaser for value, without notice and before maturity, vests him with a good title against the world." 3 R. C. L., Bills and Notes, sec. 210.

There is abundant authority in support of the judgment. *Murray v. Lardner,* 2 Wall., 110, 17 L. Ed., 857; *Hotchkiss v. Nat. Shoe and Leather Bank,* 21 Wall., 354, 22 L. Ed., 645; *Morgan v. United States,* 113 U. S., 476, 28 L. Ed., 1044; *Crittenden v. Widrevitz,* 272 Fed., 871; *Murray v. Wagner,* 277 Fed., 32; *Pratt v. Higginson,* 230 Mass., 256, 1 A. L. R., 714, and annotation; *Hancock v. Empire Cotton Oil Co.,* 86 S. E. (Ga.), 434. Judgment
Affirmed.