KENYON and another, Plaintiffs in error, vs. THE STATE, Defendant in error.

*January 13—February 7, 1939.*

For the plaintiff in error, W. A. Kenyon, there were briefs by *Mitchell Melnik,* attorney, and *Herbert C. Hirschboeck* of counsel, all of Milwaukee, and oral argument by *Mr. Hirschboeck.*

*Lyman G. Wheeler* of Milwaukee, for the plaintiff in error, Leon B. Smith.

For the defendant in error there was a brief by the *Attorney General* and *L. E. Vaudreuil,* special counsel, and oral argument by *Mr. Vaudreuil.*

FAIRCHILD, J. Ch. 189 of the statutes constitutes the Securities Law. Sec. 189.06, Stats., provides that securities must be registered with the public service commission before they can be sold in this state. Sec. 189.16 imposes criminal liability upon any company or any person selling securities within the state in violation of the Securities Law. But sec. 189.03 lists certain forms of securities which may be sold without registration, and these include commercial paper or negotiable promissory notes if the entire issue matures less than one year from the date of issue and from the date of sale, sec. 189.03 (1) (c). The exemption of certain types of commercial paper and negotiable promissory notes may leave an open door for the entrance of some abuses, but the legislature evidently felt that the risk of those evils was outweighed by the social and commercial need for the free circulation of short-term paper.

The instruments which the defendants sold were negotiable promissory notes issued May 20, 1937. They matured May 15, 1938. Since they were sold on or about June 1, 1937, the conditions of the exemption statute were met, unless the notes were taken out of the exempted class by reason of a conversion clause which was included in the instruments.

This clause provided that a holder in due course might, at his option, present the note at the offices of the corporation and demand common stock of par value equal to the unpaid principal and accrued interest then outstanding on the note. It was contended by the state that because this conversion privilege was included in the instrument, there was in reality a sale of the unregistered stock of the corporation, or at least an offer to sell such stock, which is also an offense under the statute. But this contention cannot be sustained. Sec. 116.09, Stats., provides that the negotiable character of an instrument otherwise negotiable shall not be affected by a provision which gives the holder an election to require something to be done in lieu of the payment of money. The provision for

conversion into common stock does not, therefore, prevent the instrument in question from coming within the definition of a negotiable promissory note. *Pratt v. Higginson* (1918), 230 Mass. 256, 119 N. E. 661, 1 A. L. R. 714.

Since the securities which Smith and Kenyon sold were exempt under sec. 189.03 (1) (c), Stats., neither the original sale in 1937 nor the exchange in 1938 was an offense under the Securities Law. If the purchasers were in fact defrauded, the offense and the punishment must be found in other sections of the statutes.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the information and discharge the defendants.