FIDELITY AND DEPOSIT COMPANY OF MARYLAND *vs.* CITY OF TAUNTON.

Suffolk.     November 9, 1937. — May 23, 1939.

Present: FIELD, C.J., LUMMUS, QUA, & DOLAN, JJ.

*Bills and Notes*, What constitutes negotiable instrument, Municipal bond, Holder. *Municipal Corporations*, Bonds.

A duly issued municipal bond negotiable in form and payable to bearer was subject to the negotiable instruments law, G. L. (Ter. Ed.) c. 107, even while in the hands of the municipal treasurer, to whom it had been returned for the purpose of registration, but while still unregistered.

An innocent seller of a stolen bearer negotiable instrument to a holder in due course, upon repurchasing it, became entitled to the rights of the purchaser by reason of G. L. (Ter. Ed.) c. 107, § 81, though in the mean time he had learned of the theft.

CONTRACT. Writ in the Superior Court dated February 19, 1936.

The action was reported by *Baker*, J., without decision.

*V. S. Bigelow*, for the plaintiff.

*F. E. Smith*, City Solicitor, for the defendant, submitted a brief.

*J. J. Kaplan & L. McClennen*, by leave of court, submitted a brief as *amici curiae.*

QUA, J. The report upon which this action comes to us is in substance a case stated. The essential facts are these. Two coupon bonds previously issued by the city had been

received by its treasurer for the purpose of registering them, but before actual registration they were stolen from the treasurer's office by safe blowers. At that time both the bonds and the attached coupons were payable to bearer. About three months later a customer of Benjamin, Hill and Company, stockbrokers in New York City, delivered to them the bonds with the coupons for sale for her account. Benjamin, Hill and Company received the bonds and coupons in the regular course of business, with no reason to believe that their customer did not have a good title, and sold them "over-the-counter" to Jesse, Spier and Company, also brokers in New York City, who bought and paid for them in good faith, without any reason to believe that they had been stolen. In this transaction both firms "acted as principals, without disclosing either the names of their customers or the fact of agency." Shortly thereafter, Jesse, Spier and Company, learning of the theft, made demand upon Benjamin, Hill and Company for delivery of other bonds in place of the stolen ones in accordance with a custom of brokers and a rule of the New York Stock Exchange applicable in such instances. Benjamin, Hill and Company were unable to obtain substitute bonds and, acting in their own behalf and not as agents, they paid to Jesse, Spier and Company the then agreed market price of the stolen bonds and the amount of the coupons then overdue and received back the bonds and coupons. The plaintiff as assignee of Benjamin, Hill and Company brings this action as a test case to recover the amounts of overdue coupons.

The bonds seem to have been issued in this Commonwealth. At any rate no suggestion is made that the law of this Commonwealth does not govern the case. Am. Law Inst. Restatement: Conflict of Laws, § 336. Our attention has not been called to any law in New York differing from our own. *Dadmun* v. *Dadmun*, 279 Mass. 217, 220.

Both the bonds and the coupons were in form and substance negotiable instruments. They conform to every requirement for a negotiable instrument set forth in G. L. (Ter. Ed.) c. 107, § 23. We construe the report as indicating that they had been duly issued in the first instance.

Indeed the defendant so states, in substance, in its brief. See in this connection *C. B. Ensign & Co.* v. *Forrest,* 251 Mass. 296. Even before the enactment of the negotiable instruments law ordinary corporate bonds payable to bearer were negotiable by statute "as well as by custom." Pub. Sts. c. 77, § 4. *Union Cattle Co.* v. *International Trust Co.* 149 Mass. 492, 500. *Strauss* v. *United Telegram Co.* 164 Mass. 130, 133, 134, 135. Since its enactment that law has been held to apply to bearer bonds and coupons of the United States and of a private corporation. *Pratt* v. *Higginson,* 230 Mass. 256. *Stevens* v. *Berkshire Street Railway,* 247 Mass. 399. Brannan's Negotiable Instruments Law (6th ed.) page 108.

In our opinion the negotiable instruments law applies also to municipal bonds and coupons negotiable in form. *Suffolk Savings Bank* v. *Boston,* 149 Mass. 364. See *Commonwealth* v. *Emigrant Industrial Savings Bank,* 98 Mass. 12, 15. There is a dictum to this effect as to coupons in *Pratt* v. *Higginson,* 230 Mass. 256, 257. The great weight of authority now supports this view. *Adrian* v. *Whitney Central National Bank,* 180 Mich. 171. *Grosfield* v. *First National Bank of Miles City,* 73 Mont. 219. *Copper* v. *Mayor & Common Council of Jersey City,* 15 Vroom, 634. *Montvale* v. *People's Bank,* 45 Vroom, 464. *Citizens' Savings Bank* v. *Greenburgh,* 173 N. Y. 215. *Keck* v. *Yakima Savings & Loan Association,* 160 Wash. 430. *Graham* v. *White-Phillips Co. Inc.* 296 U. S. 27. *Crittenden* v. *Widrevitz,* 272 Fed. 871. See 42 Am. L. R. 1027; McQuillin, The Law of Municipal Corporations, § 2464; G. L. (Ter. Ed.) c. 107, § 88 (referring to "public or corporate securities, other than bills and notes"). It does not necessarily follow that a holder in due course of a negotiable municipal bond may not be bound by statutes affecting the validity of its issue. See G. L. (Ter. Ed.) c. 44, particularly § 16; *Agawam National Bank* v. *South Hadley,* 128 Mass. 503, 506; *Franklin Savings Bank* v. *Framingham,* 212 Mass. 92, 95; *Brown* v. *Newburyport,* 209 Mass. 259. This case raises no question of that kind. The effect of such statutes is discussed in *Citizens' Savings Bank* v. *Greenburgh,* 173 N. Y.

215, and in *Newbern* v. *National Bank of Barnesville,* 234 Fed. 209.

There is nothing in the suggestion that the nature of the bonds was changed or that they were extinguished by their return to the treasurer for the unexecuted purpose of registering them.

Jesse, Spier and Company by the purchase of the bonds as hereinbefore stated became holders in due course. G. L. (Ter. Ed.) c. 107, §§ 75, 80. When Benjamin, Hill and Company repurchased the bonds they acquired the rights of Jesse, Spier and Company as innocent holders, even though Benjamin, Hill and Company had by that time learned of the theft, they not being themselves parties to any fraud or illegality. G. L. (Ter. Ed.) c. 107, § 81. *Spencer* v. *Burakiewicz,* 288 Mass. 83, 86. *Pratt* v. *Higginson,* 230 Mass. 256. *Gruntal* v. *United States Fidelity & Guaranty Co.* 254 N. Y. 468. The plaintiff has acquired by assignment the rights of Benjamin, Hill and Company and is entitled to recover judgment for $80 and interest from the date of the writ.

*So ordered.*